1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

WILL CO. LTD. a limited liability company
organized under the laws of Japan,

         Plaintiff,

   vs.

KAM KEUNG FUNG, aka 馮 錦 強，aka
FUNG KAM KEUNG, aka FUNG KAM-
KEUNG, aka KUENG FUNG, aka KEUNG
KAM FUNG, aka KAM-KEUNG FUNG, aka
KEVIN FUNG, an individual; FELLOW
SHINE GROUP LIMITED, a foreign
company, and DOES 1-20, d/b/a
AVGLE.COM,

         Defendants.

Case No.  **3:20-cv-05666-RSL**

**FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

    Plaintiff Will Co. Ltd. (hereinafter referred to as "Plaintiff" or "Will Co.") by and

through its counsel of record files this Complaint against Defendants Kam Keung Fung, aka 馮

錦 強, aka Fung Kam Keung, aka Fung Kam-Keung Fung, aka, Keung Fung, aka Keung Kam

Fung, aka Kam-Keung Fung, aka Kevin Fung; Fellow Shine Group Limited, and Does 1-20,

d/b/a AVGLE.com (collectively hereinafter referred to as "Defendant" or "Defendants").

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 1

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

**PRELIMINARY STATEMENT**

1.      Will Co. is an award-winning Japan based entertainment company which includes a vast library of full-length adult entertainment movies offered for viewing in a fee-based model. Will Co. sells access to its content in the United States and has filed for and obtained copyright registrations with the U.S. Copyright Office.  By this lawsuit, Will Co. seeks to protect thousands of its copyrighted audiovisual works from blatant infringement by Defendants in the United States.

2.      The conduct that gives rise to this lawsuit is egregious and willful.  Defendants own and operate websites engaged in the business of copying and distributing infringing audiovisual works.  Under the guise of acting as a distributor of "user-generated content," Defendants in fact are directly and knowingly involved in the trafficking of thousands of pirated works – including many works owned by Will Co.  Moreover, though Defendants are not "service providers," not engaged in the storage of content at the direction of users, and thus are not entitled to any of the safe-harbors afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512), Defendants do not even attempt to comply with their obligations under the DMCA. Instead, Defendants systematically refuse to comply with proper and compliant DMCA takedown notices.

3.      Defendants' actions are causing serious harm to Will Co. and its business in the United States and must be put to a stop immediately.  Because Defendants will not do so voluntarily, Will Co. now comes before this Court seeking injunctive relief and substantial damages.

**JURISDICTION AND VENUE**

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

5.      This Court has subject matter jurisdiction over Will Co.'s claims for copyright infringement and violation of the Digital Millennium Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

6.      While based in Japan, Will Co. intentionally targets the United States market for purposes of selling membership to Will Co. paid membership web sites, granting a paying user access to view Will Co.'s content or from DVD sales.

7.      Will Co.'s videos are viewed by a specific niche market in the United States and is a niche with high demand.

8.      Yearly, Will Co. earns in excess of $1M annually from U.S. Viewers based upon efforts to target the United States market.

9.      To protects its business and interest in the United States market, Will Co. filed for and obtained copyright registrations for its content with the United States Copyright Office.

10.     Defendants Kam Keung Fung, Fellow Shine Group Limited, and Does 1-20 ( currently unknown individual(s) and/or entity(ies))  own and/or operate a website located at the uniform resource locator ("URL") https://avgle.com (the "Avgle Web Site").

11.     Defendants act in concert with each other in the operation of the Avgle Web Site.

12.     Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through the Avgle Web Site.

13.     Based on a website analysis overview report prepared by Similarweb.com, an industry trusted web site analytics company, dated July 2020 (the "SimilarWeb Report"), for the three-month period ending June 30, 2020, the Avgle Web Site averaged approximately 35.09 million monthly visitors.  Of these users, visitors from the United States made up 7.32% of Avgle Web Site users.  Thus, at least 2.7M United States viewers visit the Avgle Web Site every month.

14.     Based on the SimilarWeb Report, for the three-month period ending June 30, 2020, Internet traffic driven to the Avgle Web Site from social media platforms came predominantly from United States based entities, such as Youtube, LLC, a California based company, which accounted for 15.26% of such traffic, Twitter, a California based company, which accounted for 15.26% of such traffic, Read It Later, Inc. dba GetPocket.com, a California based company, which

1  accounted for 12.15% of such traffic, and Reddit, Inc., a California based company, which

2  accounted for 47.09% of such traffic.

3      15.    The Avgle Web Site uses histats.com, a website traffic tracking tool software to

4  track its website analytics. Hosted in the United States, the histats website report on avgle.com

5  shows that during the period between January to June 2020, the Avgle Web Site enjoyed

6  281,124,072-page views from users in the United States.  During this same period, the report

7  shows that 13,005,045 new United States visitors went to the Avgle Web Site for the first time.

8      16.    Defendants utilize domain name servers for the Avgle Web Site that are located in

9  California and owned by Cloudflare, Inc., a corporation incorporated under the laws of the State

10  of Delaware.

11      17.    The Avgle Web Site is hosted on ipvolume.net in Seychelles.  However,

12  Defendants utilize a Content Delivery Network ("CDN") with Cloudflare, on servers in the United

13  States.  A CDN permits faster more efficient streaming of videos to a user far away from the initial

14  server.  Thus, all videos viewed by United States viewers are delivered from a United States server.

15      18.    Defendants have attempted to hide their identity as the registrant of the Avgle Web

16  Site by redacting their identification on any public postings through their registrar, Tucows

17  Domain, Inc.

18      19.    The Avgle Web Site displays geo-targeted advertisements to U.S. users, meaning

19  the operators of the web site have means to determine the general locale of each user and displays

20  advertisements consistent and/or specific to the U.S.

21      20.    Advertising links on Avgle.com are displayed from Tiger Media, Inc., a service

22  provider hosted in Dallas, Texas at StackPath, LLC., Multi Media LLC based in California,

23  Abudantia LLC based in Nevada, Mile High Glass Pipes based in Colorado, and Google Display

24  Network Ads from US based Google, LLC.

25

26

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 4

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

21.     Defendants use of U.S. vendors for domain name servers, privacy services, advertisers, geo-targeted ads and other services illustrate that Defendants are expressly aiming their web site and business at the United States Market.

22.     The Avgle Web Site, owned and/or operated by Defendants, expressly advises a user that the user's IP address is being tracked and upon request by the FBI[1] such information will be provided to the FBI. Defendants clearly intend and anticipate for U.S. viewers to view the Avgle Web Site.

23.     The Avgle Web Site, owned and/or operated by Defendants, expressly informed a user that may upload content to Avgle that the user is expected to provide 2257 records (referring to 18 U.S.C. § 2257) upon request.  Defendants clearly intend and anticipate for U.S. viewers to use the Avgle Web Site.

24.     The Terms of Service and Privacy Policy on the Avgle Web Site are written in near perfect English and contains language and concepts consistent with and specific to the United States legal system, including warranties, disclaimers, and limits of liability, among other things. These documents are clearly geared towards a United States audience.

25.     The Avgle Web Site contains a 2017 copyright notice at the bottom of each page, clearly intended to be covered by U.S. Copyright laws.

26.     Upon information and belief, the Defendants all transact business in this Judicial District by way of their interactive website and through their interactivity with United States and Washington residents who have been offered the infringing and unlawful content at issue herein and who have, themselves, engaged in acts of infringement in this District and State.  The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this District and have committed tortious acts within this District or directed at this

---

[1] FBI are the three letters used to refer to the Federal Bureau of Investigation.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 5

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1    District. The Defendants are amenable to service of process pursuant to the state Long-Arm

2    Statute, and Fed.R.Civ.P. 4(e).

3        27.    Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391

4    ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

5        28.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant

6    to 17 U.S.C. § 101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338.

7        29.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

8        30.    This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or

9    (d) and 28 U.S.C. § 1400(a).

10                                    **PARTIES**

11        31.    Will Co. is, and at all relevant times was, a private limited liability company

12    organized under the laws of Japan, and has its head office at Tokyo, Japan.

13        32.    Will Co., an award-winning Japanese entertainment company, is comprised of

14    nearly 100 employees who manage over 37 registered trademarks and 50 brands, each of which

15    explore and deliver sensuality and sexuality through artistic photography, video, and erotic stories.

16        33.    Since 2016, Will Co. has grown its video library to over 50,000 full length adult

17    entertainment movies, featuring over 5000 models shot by over 300 photographer/directors. Its

18    brands have grown into a globally recognized leader of Japanese sensual art garnering numerous

19    industry awards through the use of studios in Japan, exotic locations, high budget productions,

20    engaging storylines, famed photographers and directors coupled with the dedication from its artists

21    and technicians

22        34.    As Will Co. has expanded its library and expanded its reach to a United States

23    audience, Will Co. is registering copyrights with the U.S. Copyright Office.

24        35.    Will Co. has registered with the United States Copyright Office the copyrighted

25    works identified in this Complaint.  Will Co. has taken industry standard steps to identify its

26

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 6

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1    products. Plaintiff videos and photographs are watermarked with Plaintiff readily identifiable

2    logos and other content management information.

3          36.    A schedule of the Will Co. copyrighted works at issue in this case thus far, which

4    have been registered with the U.S. Copyright Office, is attached hereto as Schedule A (the "Subject

5    Works").

6          37.    Will Co. is the producer and exclusive licensor of its own motion pictures/content.

7    Will Co. distributes its content through exclusive digital licensing with Digital Commerce Inc.

8    (Fanza) in the USA.  Fanza solely distributes Will Co.'s content on its paid membership websites

9    for on-demand viewing or DVD sales.  Will Co. earns a revenue share from each transaction.

10         38.    Will Co. takes additional steps to protect its content by affixing copyright

11   management information to its content.

12         39.    Will Co. is a member of the Intellectual Property Promotion Association (IPPA), a

13   Japanese based nonprofit anti-piracy organization dedicated to protecting the copyrighted works

14   of its 280 member companies.  The IPPA organization is similar to Alliance for Creativity and

15   Entertainment (ACE) in the United States.

16         40.    Each of Will Co.'s titles/works are screened by IPPA and once approved is assigned

17   a unique IPPA watermark.  The unique watermark contains content management information

18   specific to Will Co, including a unique code associated with Will Co.'s work and trademark logo.

19   That content management information is affixed to the video/work.  Will Co. then uses the content

20   management information to identify, certify, and track the work.

21         41.    Will Co. has never authorized or given consent to Defendants to use their

22   copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

23         42.    Defendants own and operate the Avgle Web Site.

24         43.    Defendant Kam Keung Fung (herein after "Fung") is also known as 馮錦強, Fung

25   Kam Keung, Fung Kam-Keung Fung, Keung Fung, Keung Kam Fung, Kam-Keung Fung, and

26   Kevin Fung.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

44.     Defendant Fung, upon information and belief, is a resident of the Hong Kong Special Administrative Region of the People's Republic of China.

45.     Defendant Fung is the administrative contact person for key vendors associated with the operation of the Avgle Web Site, including contracts with United States advertiser brokers and streaming services in the United States.  Defendant Fung is also associated with the payment for these services.

46.     Defendant Fellow Shine Group Limited is a company represented to be operated from the British Virgin Islands.

47.     Defendant Fellow Shine Group Limited is listed as the named contact and account holder for key advertising brokers associated with the operation of the Avgle Web Site as of August 2020[2].  It is these accounts which result in United States based advertisements displayed to United States viewers of the Avgle Web Site.

48.     Upon information and belief, the Avgle Web Site is based and operated outside the United States, with full intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market.  It appears that the Avgle Web Site is hosted by a company based in Netherlands with an IP address that points to a hosting facility in Ashburn, Virginia. It is currently unknown where all owners and operators are located.

49.     Defendants Does 1 through 20 are the owners, operators, shareholder executives, and affiliates of the Avgle Web Site.  Will Co. is unaware of the true names or capacities of Does 1 through 20.  Will Co. is informed and believes, and on that basis alleges, that Does 1 through 20 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of the web sites, and/or (c) otherwise participated in the acts alleged herein with the owners and operators of the web

---

[2] The addition of Fellow Shine Group Limited occurred approximately two months after the initial complaint was filed and defendants were made aware of this legal action.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 8

sites.  Accordingly, Does 1 through 20 each are liable for all the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Will Co. as alleged herein. Will Co. will amend the complaint to state the true names of Does 1 through 20 when their identities are discovered.

## **STATEMENT OF FACTS**

50.     The Avgle Web Site is a pirate website, displaying copyrighted entertainment content without authorization or license.

51.      In order to gain access to all of the highly interactive web site represented functions, users of the Avgle Web Site must sign up for an account.  Internet users can simply watch videos on the Avgle Web Site for free without an account.

52.     The sign-up process for the Avgle Web Site requires entry of a username, password, email address, gender identity, age certification, agreement to Terms of Use and Privacy Policy, and captcha entry (Completely Automated Public Turing test to tell Computes and Humans Apart).

53.     A user can manually sign up as a member to the Avgle Web Site or use Google Login, a feature from Google, LLC to prepopulate user information from a Google profile.

54.     The entry of an email address during the sign-up process on the Avgle Web Site does not result in an email verification for the user.  Therefore, a user can sign-up as a member without a valid email address, permitting a user to sign up without being tracked.

55.     A user may anonymously upload content onto the Avgle Web Site.

56.     A user may upload content to the Avgle Web Site by linking through California based Facebook, LLC.

57.     A user may upload content onto the Avgle Web Site by linking to a torrent or magnet link.  Torrent and magnet links are commonly (mostly) associated with unlicensed pirated content.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1    58.    On the Avgle Web Site frequently asked questions (FAQ) page, Defendants state,

2  "you can upload a torrent file or provide the magnet, our servers will do that downloading process

3  for you."

4    59.    Once an Avgle Web Site user has signed up, the user can, among other things, post

5  videos for display on the site.

6    60.    Defendants place a custom Avgle branded trailer at the beginning of videos

7  uploaded and/or posted on the Avgle Web Site.  This trailer gives the appearance that the uploaded

8  video is produced by Avgle or that the content producer and Avgle are associated in some manner.

9    61.    On some videos uploaded to or posted on the Avgle Web Site, Defendants place a

10  custom Avgle branded watermark on the bottom right of the movie, implying an endorsement by

11  or relationship with the actual content producer.

12    62.    Defendants place or insert a clickable link, denoted by an Avgle logo, on the top

13  right of Will Co.'s movies unlawfully displayed on the Avgle Web Site.  When/if a link to the Will

14  Co. movie on the Avgle Web site is embedded or displayed on another web site or platform, a user

15  that clicks the Avgle logo is redirected to the Avgle Web Site for the sole benefit of Defendants.

16    63.    Static banner advertisements exist on each page of the Avgle Web Site

17    64.    When a user attempts to watch a video, the user will be shown pop-up

18  advertisement.  A "pop-up" advertisement is just that, an ad that seemingly randomly appears on

19  the user's screen.

20    65.    Pop-up and/or static banner advertisements on the Avgle Web Site are geo-

21  targeted, meaning the operators of the Avgle Web Site have means to determine the general locale

22  of each user and displays advertisements consistent and/or specific to the locale.

23    66.    Defendants earn money from the various advertisement schemes on the Avgle

24  Web Site.  The amount of money earn is directly related to the amount of traffic to the Avgle Web

25  Site and the number of videos watched on the site.  Therefore, the quality of the videos on the

26  Avgle Web Site directly influences the revenue generated by Defendants.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 10

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

67.     Videos on the Avgle Web Site may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via Email to anyone.  Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

68.     The Avgle Web Site fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.  Specifically, the Avgle Web Site does not have an appointed registered DMCA Agent.  Further, Defendants fail to honor take-down notices sent to the Avgle Web Site and have failed to implement a reasonable repeat infringer policy.

69.     The Avgle Web Site displays a DMCA Notice and a web page inclusive of industry standard language with instructions for notifying Avgle of alleged copyright infringements.  However, a copyright holder following such instructions does not result in either removal of the infringing content nor a termination of an infringer if a repeat infringer.

70.     Will Co.'s agents routinely police web sites to identify infringement of Will Co.'s copyrighted works, including tracking with content management information uniquely assigned to each work.  In the course of doing so, Will Co.'s agents discovered many of Will Co.'s copyrighted works have been made available, in full, to the public on the Avgle Web Site for free and without license or authorization from Will Co.

71.     Specifically, between January 2020 and June 2020 it was discovered that the Avgle Web Site displayed 50 of Plaintiff's copyright registered works over 167 separate and distinct URLs - each a part of the Avgle Web Site.  These copyright registered works are listed in Exhibits A with the Avgle.com infringing URLs in Exhibit B, attached hereto.  Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

72.     For each of Will Co.'s works displayed on the Avgle Web Site, Defendants altered Will Co.'s copyright management information displayed on the works by placing a clickable link

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 11

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   with the web site name, AVGLE, directly over the IPPA watermark and Will Co's trademark.

2   When a user clicks on the AVGLE mark they are redirected to the Avgle Web Site.  Thus, when

3   Will Co.'s content from the Avgle Web Site is embedded on other sites, users are directed back to

4   the Avgle Web Site and left unaware of Will Co. as the content producer.

5         73.    For some of Will Co's movies unlawfully displayed on the Avgle Web Site, user

6   names purported to identify the poster/uploader of a video changes, thus user "A" is identified as

7   posting the video on one day while user "B" is identified as posting the exact same video on the

8   exact same URL another day.  The alteration of such data shows that the data being displayed is

9   fake.  Based on information and belief, Defendants actually posted the video.

10         74.    For each of the unauthorized videos, Will Co. sent a series of takedown notices to

11   the Avgle Web Site pursuant to 17 U.S.C. § 512(c) and the policy stated on the Avgle Web Site.

12         75.    Receipt of the takedown notices was acknowledged through the Avgle Web Site.

13   However, none of Will Co.'s content was removed.

14         76.    Of the users that posted Will Co.'s copyrighted works on the Avgle Web Site, based

15   upon the number of take-down notices sent, many ought to be properly classified as repeat

16   infringers under any reasonable repeat infringement policy.  Defendants do not have a stated repeat

17   infringer policy and none of the users were terminated by Defendants.

18         77.    Upon information and belief, Defendants have actual knowledge and clear notice

19   of the infringement of Plaintiff's titles.  The infringement is clear and obvious even to the most

20   naïve observer.  Plaintiff's copyrighted works are indexed, displayed and distributed on the Avgle

21   Web Site through Defendants and the Doe Defendants acting in concert.  Plaintiff's and other

22   major producers' trademarks are used to index infringing material along with obfuscation of

23   watermarks and other identifiers which is evidence of knowledge and intent.

24         78.    By virtue of the conduct alleged herein, Defendants knowingly promote, participate

25   in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright

26

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

79. Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the copyrighted works. Defendants disregard for copyright trademark laws threaten Plaintiff's business.

80. Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

## FIRST CAUSE OF ACTION
### Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*
**Against All Defendants**

81. Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

82. Will Co. is the owner of valid and registered copyrights in the Subject Works.

83. Will Co. registered each copyright with the United States Copyright Office.

84. Defendants have infringed, and are continuing to infringe, Will Co.'s copyrights by reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

85. Defendants did not have authority or license to copy and/or display the Subject Works.

86. Will Co. has never authorized or given consent to Defendants to use the Subject Works in the manner displayed and exploited by Defendants.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

87.    Defendants knew or reasonably should have known they did not have permission to exploit the Subject Works on the Avgle Web Site and further knew or should have known their acts constituted copyright infringement.

88.    Defendants' acts of infringement are willful, in disregard of, and with indifference to the manner displayed and exploited by Defendants.

89.    Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

90.    The quantity and quality of copyright files available to users increased the attractiveness of Defendants' service to its customers, increased its users base, and increased its ad sales revenue.

91.    Based on information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code, enabling users of the Avgle Web Site to view copyrighted videos and images for free.

92.    Defendants controlled the files owned by Will Co. and determined which files remained for display and distribution.

93.    Defendants never implemented or enforced a "repeat infringer" policy.

94.    Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites.

95.    Defendants, through the Avgle Web Site and the VShare Web Site, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

96.    Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq.*  At a minimum, Defendants acted with willful blindness and reckless disregard of Will Co.'s registered copyrights.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 14

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

97.     Because of their wrongful conduct, Defendants are liable to Will Co. for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

98.     The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

99.     Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

100.     The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding all infringing materials. 17 U.S.C. §503.

101.     Because of Defendants' acts and conduct, Will Co. has sustained and will continued to sustain substantial, immediate, and irreparable injury, for which there is not adequate remedy at law.  Unless enjoined and restrained by the Court, Defendants will continue to infringe Will Co.'s rights in the Subject Works.  Will Co. is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND CAUSE OF ACTION
### Inducement of Copyright Infringement
**Against All Defendants**

102.     Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

103.     Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Will Co.'s copyrighted works. These individuals reproduced, distributed and publicly disseminated Will Co.'s copyrighted works through Defendants' website.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 15

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

104.    On information and belief, Defendants have encouraged the illegal uploading and downloading of Will Co.'s copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Will Co.'s copyrighted works, and thus to the direct infringement of Will Co.'s copyrighted works.

105.    Defendants' actions constitute inducing copyright infringement of Will Co.'s copyrights and exclusive rights under copyright in the Will Co.'s copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

106.    The infringement of Will Co.'s rights in and to each of the Will Co.'s copyrighted works constituted a separate and distinct infringement.

107.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Will Co.'s rights.

108.    As a direct and proximate result of the infringements by Defendants of Will Co.'s copyrights and exclusive rights under copyright in the Will Co.'s copyrighted works, Will Co. is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

109.    Alternatively, Will Co. is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

110.    Will Co. is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

111.    Because of Defendants' acts and conduct, Will Co. has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by the Court, Defendants will continue to infringe Will Co.'s rights in the Subject Works.  Will Co. is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 16

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

### THIRD CAUSE OF ACTION
### <u>Violation Copyright Management Information – 17 U.S.C. § 1202</u>

### Against All Defendants

112.    Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

113.    Each of Will Co.'s works displayed by the Defendants as alleged herein contained copyright management information.

114.    Defendants altered, by covering and/or removing, copyright management information on each of Will Co's work displayed on the Avgle Web Site.

115.    Defendants' removal and/or alteration of the copyright management information on Will Co.'s works was done intentionally.

116.    Defendants' removal and/or alteration of Will Co.'s copyright management information was done with knowledge or reason to know that such removal and/or alteration will induce, enable, facilitate, or conceal the infringement of the works.

117.    As a direct and proximate result of the removal and/or alteration by Defendants of Will Co.'s copyright management information, Will Co. is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 1203(c)(2).

118.    Alternatively, Will Co. is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(b), in the amount of $25,000 with respect to each removed or altered copyright management information.

119.    Will Co. is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b).

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Will Co. Ltd prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award Will Co. relief including, but not limited to, an Order:

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

A.      Preliminarily and permanently enjoining Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

(1)     Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of Will Co.'s copyrighted works, including the Subject Works, or any portion(s) thereof in any form;

(2)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit or make any use of Will Co.'s copyrighted works, including the Subject Works, or portion(s) thereof; or (ii) to make available any of Will Co.'s copyrighted works, including the Subject Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use;

(3)     Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating

1    to the public, streaming, transmitting, or other exploitation or use of any of Will

2    Co.'s copyrighted works, including the Subject Works;

3      (4) Enabling, facilitating, permitting, assisting, soliciting, encouraging or

4    inducing, whether directly or indirectly, any user or other third party to visit any

5    website, including but not limited to any website operated by Defendants, that

6    hosts, links to, distributes, reproduces, copies, downloads, uploads, makes

7    available for download, indexes, displays, exhibits, publicly performs,

8    communicates to the public, streams, transmits, or otherwise exploits or makes any

9    use of Will Co.'s copyrighted works, including the Subject Works, or portion(s)

10   thereof;

11     (5) Transferring or performing any function that results in the transfer of the

12   registration of the domain name of the Avgle Website to any other registrant or

13   registrar; and

14     (6) Assisting, aiding or abetting any other person or business entity in engaging

15   in or performing any of the activities referred to in this Paragraph.

16    B. Requiring Defendants and their officers, servants, employees, agents and any

17   persons who are, or on notice and upon continued provision of services would be, in active concert

18   or participation with them, including but not limited to the domain name registrars and registries

19   administering, holding, listing, or otherwise having control over the domain name

20   https://Avgle.com or any other domain name used in conjunction with Defendant's infringing

21   activities, to transfer such domain name to Will Co.'s ownership and control, including, *inter alia*,

22   by changing the registrar of record to the registrar of Will Co.'s choosing, unless Will Co. requests

23   that such domain name be held and/or released rather than transferred.

24    C. Requiring Defendants, their agents, servants, officers, directors, employees,

25   attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations

26   or other related entities, and any or all persons or entity acting in concert or participation with any

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 19

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

of them, or under their direction or control, including any internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

       (1)    To block or attempt to block access by United States users of the Avgle Web Site by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that has as its sole or predominant purpose to enable to facilitate access to the Avgle Web Site;

       (2)    To re-route all domains, subdomains, URLs, and/or IP Addresses that provides access to each and every URL available from each of the Avgle Web Site and its domains and subdomains.

D.    That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) days after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

E.    That Plaintiff be awarded statutory damages in an amount to be determined at trial for all infringing activities, or actual damages including Plaintiff's damages and lost profits, Defendants' profit;

F.    That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.    That Plaintiff be awarded enhanced damages and attorney's fees;

H.    That Plaintiff be awarded pre-judgment and post-judgment interest;

I.    That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.    That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 20

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1

2                                    **DEMAND FOR JURY TRIAL**

3           Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal

4   Rules of Civil Procedure.

5

6   DATED:  November 12, 2020.

7                                                    **FREEMAN LAW FIRM, INC.**

8

9                                            By: _s/ Spencer Freeman_____
                                                 Spencer D. Freeman, WSBA No. 25069
10                                           1107 ½ Tacoma Avenue South
                                             Tacoma, Washington 98042
11                                           253-383-4500
                                             253-383-45101 (fax)
12                                           sfreeman@freemanlawfirm.org
                                             sierra@freemanlawfirm.org

13                                           *Counsel for Plaintiff Will Co. Ltd*

14

15

16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 21