**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

WILL CO. LTD. a limited liability company organized under the laws of Japan,

Plaintiff,

vs.

KAM KEUNG FUNG, aka *馮 錦 強,* aka FUNG KAM KEUNG, aka FUNG KAM-KEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM,

Defendants.

**Case No.: 3:20-cv-05666-RSL**

**PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION FOR LEAVE FOR ALTERNATIVE SERVICE AND MEMORANDUM OF POINTS AND AUTHORITIES**

NOTE FOR MOTION:
November 12, 2020

Plaintiff, Will Co. Ltd (hereinafter "Will Co" or the "Plaintiff") Moves for Leave for Alternative Service (hereinafter this "Motion") in the above -captioned case through its counsel, Spencer D. Freeman, The Freeman Law Firm, Inc.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

## I. INTRODUCTION

Pursuant to early discovery, granted by the Court, Plaintiff has determined from vendors associated with the Defendant web site, Avgle.com, that the identified individual defendants reside outside the United States, including the British Virgin Islands, England, and/or Hong Kong. However, subsequent investigations have determined that the addresses listed with the vendors are fake addresses and no other valid real terrestrial addresses can be found. Plaintiff has, however, verified that email addresses associated with each Defendant is a valid email address.

Accordingly, there is good cause to grant Plaintiff leave for alternative service by email.

## II. FACTUAL BACKGROUND

On July 8, 2020, Plaintiff filed this instant action regarding copyright infringement occurring on and through the web site Avgle.com. (Dkt. No. 1.) *Declaration of Spencer Freeman In Support of Plaintiff's Motion For Leave For Alternative Service ("Decl. S. Freeman"),* p 2, ¶ 2. On July 17, 2020, after attempting to determine the owners and operators of the web site, Plaintiff filed a motion for leave to conduct early discovery in order to discover the actual identity of the owners and/or operators of Avgle.com. (Dkt. No. 4.) *Decl. S. Freeman,* p 2, ¶ 3. On August 3, 2020, the Court entered an Order Granting Plaintiff's Motion for Early Discovery. (Dkt. No. 7.) *Decl. S. Freeman,* p 2, ¶ 4.

Pursuant to the Court's Order, Plaintiff Will Co. served subpoenas on Tucows Domains, Inc.; GoDaddy, LLC; Domains by Proxy, LLC; CloudFlare, Inc.; PayPal, Inc.; Tiger Media, Inc.; Multi Media, LLC; Mile High Glass Pipes, Inc.; and Enom, Inc. Tucows Domains and GoDaddy, LLC provide(d) registrar services for Avgle.com while Defendants use Domains By Proxy as a privacy service to hide their identities. Cloudflare, Inc. provides Defendants with domain name server and Content Delivery Network services for Avgle.com. PayPal, Inc. was utilized by Defendants to pay for these services. The Avgle.com web site displays advertisements brokered

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

through or on behalf of Multi Media, LLC, Mile High Glass Pipes, and Tiger Media, Inc. Enom, Inc. provides registrar services to a URL serving ads directly to Avgle.com. *Decl. S. Freeman,* p 2, ¶¶ 5-11.

In October 2020, Tiger Media provided Plaintiff with a response to the subpoena. Therein, Tiger Media's records indicate that in August 2020 the account was updated with a new party controlling the advertising accounts for Avgle.com, Fellow Shine Group Limited, with an address in the British Virgin Islands and a phone number. Prior to August 2020, and since 2017, the identity of the account contact person is listed only as "Avgle," with listed addresses in Hong Kong and London, a phone number, and an email address. *Decl. S. Freeman,* p 3, ¶ 12.

Regarding Fellow Shine Group Limited, the address listed on the Tiger Media records is a mail drop address for New Haven Group, a company that provides business formation, shelf company, agent, and other services targeted towards Hong Kong residents internationally. The phone number provided for Fellow Shine Group is a phone number operated by a fixed line provider of Hong Kong. The email address associated with Fellow Shine Group is avkujira@gmail.com.

Regarding the "prior" account holder "Avgle" with Tiger Media, a telephone number and email address is listed. The phone number is specific to Hong Kong Telecommunications and, through Internet investigation tools, has been traced to Kam Keung Fung. Plaintiff sent communications to the listed email address, adavgle@gmail.com, and determined the address to be valid. *Id.* p 3, ¶ 17.

Plaintiff also researched a Hong Kong address provided to Tiger Media, before Fellow Shine Group Limited was updated as the account holder, Unit 308A, 3/F, Core Building , Shatin, Hong Kong. Current records show that this address belongs to Advenlink Technology Company Limited, with no connection to Avgle.com. *Id.* p 3, ¶ 18.

In October 2020, Cloudflare, Inc. provided Plaintiff with a response to subpoena. Cloudflare's records show Kam Keung Fung ("Fung") as the creator, administrative contact,

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

payor, and responsible party for the account specific to Avgle.com. The records have an address of 78 The Sphere, 1 Hallsville Road, London, E161BE and email addressed of support@avgle.com and avgoraku@gmail.com. *Decl. S. Freeman,* p 3, ¶ 13.

The listed address is an actual address, an apartment (flat) in London. The address information was provided on the Cloudflare account in early 2017. In investigating the address, if it was at one time valid for Fung, it no longer is. In 2018, *after* listed with Cloudflare for Fung this address was determined to be that of Sravan Kumar, an Indian man, running a company named Bitla Consulting Ltd. (It is since been dissolved.) *Decl.J. Tucker,* p 4, ¶¶ 19-21. The physical address in London is no longer a valid address for Fung, presuming it ever was.

Plaintiff has recently (October 2020) engaged in communications with Fung. Using Internet online investigative tools, two email addresses were located for Fung, kfung@awesapp.com and kfung426@me.com. An email was sent to each address advising Fung of the allegations of infringement, this lawsuit, and a desire to discuss resolution. Fung responded from kfung@awesapp.com, admitting involvement with Avgle.com (though denying liability). In total, Fung and Plaintiff have communicated four times since, with Fung utilizing kfung@awseapp.com each time. *Id.* p 3, ¶ 22, 23.

The server audit logs produced by Cloudflare showed that Internet Protocol Block 61.92 was used to login, modify, and otherwise operate Cloudflare's services for Avgle.com on 1,113 instances. The full IP Block is 61.92.128.0 to 61.92.255.255. Tiger Media records show that the IP addressed used at account sign up, and various other account log-ins, was 61.92.242.24. Using the American Registry for Internet Numbers, it has been determined that the IP Block 61.92 is located in Hong Kong. *Id.* p 3, ¶ 24.

Plaintiff has further researched Fung and companies that he appears to be associated pursuant to Internet searches. One company, Awesapp Limited, has been determined on internet directories to list Unit 108, IC Development Centre, Hong Kong Science Park, Shatin, Hong Kong. However, when investigating this address, it belongs to a company named IO&T Limited.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

No associations could be found between Fung and IO&T Limited. *Id.* p 3, ¶ 25.

The owners and operators of Avgle.com have gone to great lengths to hide their identities. Even with these great lengths, Plaintiff has identified a company and a person as owners or operators of Avgle.com: Fellow Shine Group Limited and Kam Keung Fung.

In October 2020, Plaintiff sent an email to the email address associated with Fellow Shine Group Limited, avkujira@gmail.com. The email informed the recipient that they had been identified as an operator of Avgle.com and requested an opportunity to discuss the matter. No one responded to the email, but importantly the email address was verified as valid and did not bounce back. Further, the recipient of the email did not deny the asserted identities nor the association as an operator or owner of Avgle.com. *Decl.J. Tucker,* p 5, ¶¶ 26-27.

In October 2020, Plaintiff interacted directly with Kam Keung Fung at the email address kfung@awseapp.com. The recipient at this email address confirmed identity as Kam Keung Fung and his involvement with Avgle.com (though denied liability).

Plaintiff has filed a First Amended Complaint to include Fellow Shine Group Limited and Kam Keung Fung as named Defendants to this action.

Other than the specific email addresses Plaintiff has no valid information regarding the physical location of Fellow Shine Group Limited or Fung. It is clear that the Defendants are playing a cat and mouse game to hide their whereabouts to avoid liability.

## III. ARGUMENT

The Due Process Clause of the Fourteenth Amendment requires only that the method of service be *reasonably calculated to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service by email is widely approved of after the 9th Circuit allowed it in the landmark case, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002). It should be permitted in this case.

Fed R. Civ. P. 4(f)(3) and 4(h)(2) provide for "Service" "upon Corporations" and "Upon

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Individuals in a Foreign Country by other means not prohibited by international agreement as may be directed by the court," which enables the court on _ex parte_ motion to devise a method of service responsive to the unique facts of the particular case, including service by mail to the defendant's last known address, by ordinary mail, by email, or other means. Fed. R. Civ. P. Rule 4. Fed. R. Civ. P. Rule 4 does not require that a party attempt service of process by the methods enumerated in Rule 4(f)(2), including by diplomatic channels before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014-15.

In *Rio Props.* the Ninth Circuit endorsed a district court order authorizing service on a Costa Rica resident defendant by email. *Rio Props.*, 284 F.3d 1007. The *Rio* court was confronted with a foreign defendant that was difficult to locate but maintained an email address for business purposes. *Id.* at 1012-13. The court found that electronic service was permissible, "wholeheartedly" adopting the reasoning that "[e]lectronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut." *Id.* at 1017 (quoting *New England Merchs. Nat 'I Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 81 (S.D.N.Y. 1980)).

The court in *Rio* Props. concluded that after "examining the language and structure of Rule 4(f) and the accompanying advisory committee notes," there is "the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." 284 F.3d at 1015, 1017 (internal citations omitted). See also *Viz Commc'ns Inc. v. Redsun*, 2003 WL 23901766 (N.D. Cal. 2003) (district court has discretion to allow service by email; email was the sole means of contact on defendants' website; defendants were playing hide-and-seek with the federal court and email may be the only means of effecting service of process; and the court found that the defendants were informed sufficiently of the

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

pendency of the lawsuit and the Constitution required nothing more); *Popular Enter's.*, 225 F.R.D. 560 (service of process upon a trademark infringement foreign defendant by email was warranted and sufficiently apprised the interested parties of the pendency of an action).

As the *Popular Enter's.* Court held, relying upon *Rio Props.:*

> Accordingly, the court concludes that, under the facts in this action, service upon defendant by email is fully authorized by *Federal Rule of Civil Procedure 4(f)(3).* Indeed, it is the method of service most likely to read defendant. Service of process by email is reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond. As stated by the Ninth Circuit Court of Appeals, "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Rio*, 284 F. 3d at 1018. Such is the case here.

*Popular Enter's.*, 225 F.R.D. at 563

Since *Rio*, electronic service by email or facsimile under Rule 4(f)(3) has been widely approved of. See *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 08-CV-2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) (authorizing service by e-mail). See also *Bank Julius Baer & Co. Ltd. v . Wikileaks*, No. C. 08-00824 JSW, 2008 WL 413737 (N.D.Ca. Feb. 13, 2008) (authorizing e-mail service); D 'Acquisto v. Triffo , 2006 WL 44057 (E.D. Wis. 2006) (same); Williams v. Adver. Sex, LLC, 231 F.R.D. 483, 488 (N.D. W. Va. 2005) (same); Broa*dfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email, facsimile and ordinary mail); *New England Merchs. Nat'l Bank*, 495 F.Supp. at 80 (authorizing service by telex, a precursor to facsimile correspondence); *Popular Enter's. v. Webcom Media Grp. Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004); *Liberty Media Holdings, LLC v. Vinigay.com,* 2011 U.S. Dist. LEXIS 26657 (D. Ariz. 2011) (authorizing email service).

The requested relief serves the public interest by preserving the integrity of the United States' intellectual property laws. If international scofflaws are allowed to hide behind

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

anonymity and false addresses, and believe that they can hide with impunity from United States courts as long as they remain outside of the United States, then intellectual property theft will simply flow offshore—rendering American copyright law meaningless for want of service of process. *See Rio Props.* 284 F.3d at 1013.

District courts routinely allow plaintiffs to serve foreign defendants by sending the summons and complaint by email. Fed R. Civ. P. 4(f)(3) and 4(h)(2); *Rio Props.*, 284 F.3d 1007; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299 (N.D. Cal. Apr. 17, 2007); *Project Honey Pot, et al. v. Andrey Chernuk, et al.*, No. 1: 11-cv-0015-LMB -JFA at Doc #27 (E.D. Va Sep. 16, 2011) (allowing service by email and by Facebook posting).

In *Nanya* Tech. *Corp. v. Fujitsu, Ltd.,* 2007 U.S. Dist. LEXIS 5754, *11 (D. Guam, January 26, 2007), the District of Guam explained the rationale for alternate service:

> We should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond. *Rio Props.*, 284 F.3d 1007, 1017. All that is required under Rule 4 (f)(3) is that service be "directed by the court" and that the means of service "not be prohibited by international agreement [the Hague Convention]." Fed. R. Civ. P. 4(f)(3). The D. Guam, in affirming the magistrate's approval of email service, held that this means was "sufficient enough to give Fujitsu notice and an opportunity to respond." The Magistrate Judge's Order was neither clearly erroneous nor his legal conclusions contrary to law.

*Nanya Tech.*, 2007 U.S. Dist. LEXIS 5754

Service of process by email is an appropriate method of serving foreign individuals. This is especially so when defendants are "sophisticated participants in e-commerce," and "[Plaintiff] has provided email addresses for defendant É and related website addresses through which [defendants] conduct e-commerce," as is the case with this Defendant. *Williams* , 231 F.R.D. at 7487; see also *Chanel, Inc.*, 2010 U.S. Dist. LEXIS 50745 (S.D. Fla. 2010).

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

The facts in the instant action are similar to that in *Rio Props.*, in which the alternative method of service by email was permitted. The Defendants in the instant action are located abroad and they are hiding their precise geographic location. There is no other way that the Defendants could be reliably served, and the Plaintiff has made extensive attempts to find a way do so by using early discovery and other investigative means.

Plaintiff has engaged in diligent efforts to find the Defendant, including issuing subpoenas to the domain name registrar, the web site's privacy services, the web site's content delivery network servicers, vendors associated with the web site, and has engaged in research aimed at finding a reliable and accurate street address and/or physical locations for the identified Defendants. Plaintiff has been unable to physically locate the Defendant's true location beyond that they appear to be located abroad.

With regard to each Defendant, either the records provided do not state a specific address or the specific address has been determined to be unrelated to the Defendant. There is no way to determine where the Defendants reside or are located and the location of the Defendants cannot be more accurately narrowed. Defendants are clearly choosing to play "hide and seek." Given that Defendants are evading any reasonable means of physical detection, Plaintiff will be unable to obtain traditional proof of service on Defendants.

The domain name and corresponding website set up by the Defendants are online entities. Defendants conduct business solely using the Internet. Defendants are technologically advanced and familiar with multitudes of online platforms. As such, email is the natural method for contacting these Defendants. See *Rio Props.*, 284 F.3d 1017-18 (individuals doing business online were most likely to be reached via email). Alternative service comports with constitutional notions of due process. *Rio Prop s.*, 284 F.3d at 1016. To meet this standard, the method of service must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id* at 1016-17, citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Courts must adapt to

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

changes and advances in technology and embrace them when they aid in the efficient prosecution of disputes. *Rio Props.*, 284 F.3d at 1017 (quotations omitted). Nor can justice be hamstrung by efforts of defendants to avoid service of process. Online intellectual property thieves like the Defendants in this case often lack a permanent or enduring physical presence, and are most reliably found through alternative means. If such defendants rely on their Internet presence to commit and hide their illegal activities, they should be not only unsurprised when this medium is used for service of process, but they should be comfortable with it.

The only roadblock to service by email would be if it were prohibited by international agreement. "Rule 4(f)(3) also allows service 'by other means not prohibited by international agreement, as the court orders.'" *In re Potash Anti-Trust Litig.*, 667 F. Supp. 2d 907. 929 (N.D. Ill. 2009) (allowing alternate service when requiring traditional service on foreign defendants would be futile). There is no international agreements with China, England, or British Virgin Islands that prohibit service via email.[1]

Accordingly, Plaintiff requests issuance of an order permitting alternative methods of service of the Summons and Complaint pursuant to Fed R. Civ. P. 4(f)(3) and 4(h)( 2) by email to email addresses revealed by subpoenas and investigation as follows:

- Defendant Fellow Shine Group Limited to avkujira@gmail.com; and
- Defendant Kam Keung Fung to email kfung@awseapp.com.

## IV. CONCLUSION

Defendants' specific physical whereabouts are unknown. For each Defendant Fellow

[1] The Hague Convention of November 15, 1965 on The Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters governs foreign service process for signatory nations. See Convention on Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 15 No. 6638 (hereinafter "Convention"). China is signatory to the Hague Convention. However, Article 1 of the Hague Service Convention explicitly provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, art. 1. The Hague Convention does not, in this case, impede alternative service.



**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Shine Group Limited and Kam Keung Fung, Plaintiff has only been able to determine a potential country they reside is, while their exact whereabout are hidden and thus unknown. Emails for the Defendants have been determined as follows: Defendant Fellow Shine Group Limited, avkujira@gmail.com; and Defendant Kam Keung Fung, kfung@awseapp.com.

Email service is reasonably calculated to apprise the Defendants of the pendency of the action and afford them an opportunity to present their objections. It is respectfully requested that leave be granted for alternative service, serving the Defendants at the listed email addresses.

RESPECTFULLY SUBMITTED this 12th day of November 2020.

**FREEMAN LAW FIRM, INC.**

*/s/ Spencer D. Freeman*
Spencer D. Freeman, WSBA#25069
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE [NO. 3:20-cv-05666-RSL]
- 11

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)