**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KAM KEUNG FUNG, aka 馮錦強, aka FUNG KAM KEUNG, aka FUNG KAM-KEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM,<br><br>　　　　Defendants. | Case No.:  3:20-cv-05666-RSL<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE FOR ALTERNATIVE SERVICE** |

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE FOR**

**ALTERNATIVE SERVICE**

　　The Court, having read all papers filed in connection with the Plaintiff's *Ex Parte* Motion for Leave For Alternative Service, having considered the issues raised therein, and being otherwise fully advised, it is hereby found that:

Plaintiff seeks leave to serve Defendants Kam Keung Fung and Fellow Shine Group Limited by alternative means pursuant to Fed. R. Civ. P. 4(h)(2) and Fed. R. Civ. P. 4(f)(3).

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals.

Federal Rule of Civil Procedure 4(f)(3) reads, in pertinent part:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:
> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on Service Abroad of Judicial and Extra Judicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does no specify other means, by a method that is reasonably calculated to give notice:
>
>  (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>  (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign county's law, by;
>
>   (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
>   (ii) using any form of mail that the clerk addresses and sends to the individual personally; or
>
> (3) by other means not prohibited by international agreement, as the court orders. Fed. R. Civ. P. 4(f)(3).

Plaintiff seeks an order permitting service under Federal Rule of Civil Procedure 4(f)(3), which must be (1) directed by the court, and (2) not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002).

In reviewing Rule 4(f)(3), the Ninth Circuit found that "[n]o other limitations are evident from the text." *Id*. Rule 4(f) does not "create a hierarchy of preferred methods of service of process" and, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Id.*, 284 F.3d at 1015. Under Rule 4(f)(3), a method of service must comport with constitutional notions of due process and must not violate any international agreement. *Id.*, 284 F.3d at 1015, 1016. A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

"[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. However, in effectuating service of process under Fed. R. Civ. P. 4(f)(3), a plaintiff must obtain prior court approval for the alternative method of service. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004).

Plaintiff brings a copyright infringement action against Kam Keung Fung and Fellow Shine Group Limited seeking redress for Defendants' misappropriation of Plaintiff's copyrighted works. In an attempt to determine the location of the owners and operators of the web sites, Plaintiff conducted early discovery, serving subpoenas on known vendors providing services for the web sites. Plaintiff discovered that these vendor accounts are in the name and/or control of Kam Keung Fung and Fellow Shine Group

Limited. For each defendant, either only partial addresses were provided to vendors or addresses which are clearly unrelated to the defendants were provided. Valid email address were located for each defendant. Thus, Plaintiff has email addresses for each Defendant, but has not obtained a valid physical addresses despite diligent efforts to find one.

In the absence of a valid address, Plaintiff cannot personally serve Defendants. In view of the difficulties surrounding personal service without the ability to determine an actual physical address, Plaintiff seeks an order permitting service on Defendants by email and has obtained email addresses for them. Plaintiff asserts that service through email comports with due process because it is reasonably calculated to inform Defendants of the impending action, and under the circumstances here, it is the only means of providing notice to Defendants.

In *Rio Properties*, the Ninth Circuit found that email was "the method most likely to reach" a defendant who operated a website from Costa Rica with no discoverable street address in either the United States or Costa Rica, and who only provided an email address as a contact. 284 F.3d at 1017-118. Like *Rio Properties*, Plaintiff argues Defendant are located in Russia, Columbia, Poland or Belize and have a business that is conducted through the internet. Furthermore, through its investigation, Plaintiff has been unable to determine a physical address for Defendants and is, thus, unable to serve Defendants by any other means.

Plaintiff also contends there is no authority that expressly provides or implies that email service is prohibited by international agreement, or otherwise, in China, England, or the British Virgin Islands. Additionally, the decision in *Rio Properties* and other cases from district courts nationwide support the proposition that service by email is not generally prohibited by international agreement. *Bullex v. Yoo*, 2011 U.S. Dist. LEXIS 35628 (D. Utah Apr. 1, 2011) (finding email service appropriate upon defendant of

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION FOR LEAVE FOR ALTERNATIVE SERVICE
4

unknown location in South Korea); *Bank Julius Baer & Co. Ltd v. Wikileaks*, 2008 WL 413737, at * 2 (N.D. Cal. 2008) (finding plaintiff had successfully demonstrated that service through email was not prohibited by an international agreement); *Williams-Sonoma Inc. v. Friendfinder Inc.,* 2007 1140639, at 2 (N.D. Cal. 2007) (concluding that there was no showing that service by email was prohibited by an international agreement).

The Court agrees and finds that service of Defendants Kam Keung Fung and Fellow Shine Group Limited through email is appropriate and that it comports with due process. Plaintiff has demonstrated that it has been unable to obtain a physical address for Defendants Kam Keung Fung and Fellow Shine Group Limited. Additionally, Plaintiff has shown that because Defendants conduct business through the internet, service through email will give Defendants sufficient notice and opportunity to respond. The Court also finds that issuing an order allowing service via email would not be prohibited by international agreement.

In accordance with the foregoing, IT IS ORDERED that Plaintiff's *Ex Parte* Motion for Alternate Service on Defendants Kam Keung Fung and Fellow Shine Group Limited is GRANTED and that these Defendants may be served at:

- Defendant Kam Keung Fung to kfung@awesapp.com; and
- Defendant Fellow Shine Group Limited to email avkujira@gmail.com;

Service is valid upon transmission of an email to the Defendants.

Dated this 16th day of November, 2020.

*[signature]*
Honorable Robert S. Lasnik
United States District Court Judge