The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>KAM KEUNG FUNG, aka 馮 錦 強, aka FUNG KAM KEUNG, aka FUNG KAM-KEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM,<br><br>Defendants. | **Case No.: 3:20-cv-05666-RSL**<br><br>**PARTIES' JOINT MOTION FOR RELIEF OF DEADLINES AND STAY CIVL PROCEEDINGS PENDING MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR: March 12, 2021 |

COME NOW, Plaintiff Will Co. Ltd ("Will Co") and Defendants Kam Keung Fung ("Mr. Fung") and Fellow Shine Group, Ltd. ("FSG")(collectively, "Defendants"), by and through their undersigned counsel, file this Motion to for Relief from Deadline and Stay Civil Proceedings Pending Motion to Dismiss.

## I.  INTRODUCTION AND FACTS

On or about July 8, 2020, Plaintiff filed this action as a John Doe lawsuit, alleging copyright infringement on the web site avgle.com, with the owners and operators of the website then unknown. Dkt. No. 1. To discover the identity of the site owners/operators, on or

JOINT MOTION FOR RELIEF OF DEADLINE AND
STAY PROCEEDINGS - 1   [NO. 3:20-cv-05666 RSL]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

about July 17, 2020 Plaintiff filed a motion for early discovery, which was granted by the Court on August 3, 2020. Dkt. No. 4 and 7. Thereafter, Plaintiff served subpoenas on permitted entities. These subpoenas resulted in the discovery of Kam Keung Fung ("Fung") and Fellow Shine Group Limited ("Fellow Shine"). On or about November 12, 2020, Plaintiff filed a First Amended Complaint naming Fung and Fellow Shine as defendants. Dkt. No. 8.

Simultaneous with the First Amended Complaint, Plaintiff filed a Motion for Leave For Alternative Service. Dkt. No. 9. Leave was granted on November 16, 2020. Dkt No. 13. Plaintiff filed for clerk issue of summon, issued on November 18, 2020. Dkt. No. 19. Defendants were served with the summons and First Amended Complaint.

On December 9, 2020, Defense counsel Val Gurvits emailed Plaintiff counsel and informed Plaintiff that Mr. Gurvits, Mr. Fray-Witzer, and Mr. Mann would be filing notices of appearance and a motion to dismiss. Defense counsel Mann filed a notice of appearance on December 23, 2020, followed by pro hac vice applications by Mr. Gurvits and Mr. Fray-Witzer. Dkt. Nos. 20-22. As had been indicated, Defendants filed a motion to dismiss for lack of personal jurisdiction on December 24, 2020. Dkt. No. 23. The noting date for the motion to dismiss was originally January 15, 2021, but then moved to January 29, 2021 and ultimately February 5, 2021 by way of agreement of the parties and leave of Court.

Plaintiff timely filed its Opposition to the Motion to Dismiss on January 25, 2021. Dkt. No. 28. Defendants timely filed their Reply on February 5, 2021. Dkt. No 35. The Motion to Dismiss for Lack of Personal Jurisdiction remains pending.

On January 8, 2021, the Court issued an Order Regarding Initial Disclosures, Joint Status Report, and Early Discovery. Dkt. No. 26. Therein, the Court set deadline for Fed.R.Civ.P. 26(f) Conference for January 22, 2021, Fed.R.Civ.P. 26(a) Initial Disclosures for January 29, 2021, and the filing of Joint Status Report and Discovery Plan for February 5, 2021. The parties missed these deadlines. On March 8, 2021, the Court issued an Order to Show Cause regarding these deadlines. Dkt. No. 36.

JOINT MOTION FOR RELIEF OF DEADLINE AND
STAY PROCEEDINGS - 2   [NO. 3:20-cv-05666 RSL]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

## II. RELIEF REQUESTED

is the Parties respectfully request that the Court grant relief from the deadlines set in its Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement and extend those deadlines starting two weeks after the Court issues its ruling on Defendants Motion to Dismiss.

It is further requested that the Court stay these civil proceedings until the Motion to Dismiss has been resolved.

## III. ARGUMENT

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936); *see also Gold v. Johns*, 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

In context of a pending MDL consolidation motion district courts consider three factors when considering a motion to stay pretrial proceeding: (1) the potential prejudice to the nonmoving party if a stay is granted; (2) the hardship to the moving party if a stay is denied; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the JPML grants the transfer motion. *Rivers v. Walt Disney*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). A stay is appropriate when it serves the interests of judicial economy and efficiency. *Id.*

Generally, a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. *However,* situations which do justify a stay occur when the pending motion to dismiss raises issues of jurisdiction, venue, or immunity. *Turner Broad.*

1  *Sys. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D. Nev. 1997), *citing Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D.Nev 1989).

Here, judicial economy and efficiency weigh in favor of staying these proceedings pending resolution of the Motion to Dismiss for Lack of Personal Jurisdiction. While Plaintiff believes that jurisdictional discovery may be in order here (something Defendants oppose), the Parties all agree that full blown discovery is a different matter and such resources should be permitted to be withheld until the Court has determined jurisdiction. Defendants do not want to spend resources on full blown discovery or participate in litigation tasks, including filing an Answer and Affirmative Defenses until and if jurisdiction is determined. Indeed, Defendants believe that they should not be required to expend further amounts on this litigation until such time as this Court has had the opportunity to consider Defendants' arguments that jurisdiction cannot be properly exerted over them by this Court.

The Parties also note that the purpose of a stay is not limited to resources spent in discovery. There is an insurmountable challenge in proceeding with discovery and litigation tasks with the Motion to Dismiss for Lack of Jurisdiction Pending. The nature of their motion means that Defendants have not filed an Answer and Affirmative Defenses. Thus, Plaintiff is left unable to move forward in discovery knowing what issues are contested, what issues are admitted, and what issues are raised via potential affirmative defenses. Issues that are admitted or denied in an Answer and asserted affirmative defenses will materially alter discovery Plaintiff must conduct, as well as anticipating dates the case will be ready for trial and length of trial necessary to address the issues (which are currently unknown).

While Plaintiff can inquire in written discovery, such discovery is spent on issues that should be addressed in an Answer. Without the Answer and Affirmative Defenses, Plaintiff cannot adequately and properly utilize discovery to prepare for trial, nor adequately assess when the matter could be ready for trial, what expert and fact witnesses may be necessary, or how long trial will take.

There is no question that the parties missed the deadlines set by the Court in the Order. Dkt. No. 26. Plaintiff was tasked with starting communications to meet the deadlines. Plaintiff's counsel failed to do so. However, such was not because of failure to pay attention to the case. In fact, between the date of issuance of the Order (January 8, 2021) and the deadlines set in the Order, Plaintiff's counsel was diligently responding to Defendant's Motion to Dismiss, which was a legally and factually complex motion. The same can be said for Defendants' counsel, who also missed the deadlines. They were diligently working on their Reply papers, which were due as the deadlines were expiring. During this time, the parties were in contact with each other.

During work on the Motion to Dismiss, the deadlines were simply missed. However, given the pending Motion, it makes sense for those deadlines to be extended until after the motion is resolved. For Plaintiff, there are issues that must be addressed in the Joint Status Report and Discovery Plan that cannot be properly and adequately addressed because Defendants have not filed an Answer or Affirmative Defenses. Defendant will not be required to file and Answer and Affirmative Defenses until the Court resolved the motion.

For Defendants, absent personal jurisdiction, they should not have to engage in initial disclosures, respond to allegations, present affirmative defenses, or engage in discovery. Thus, for Defendants it makes sense to extend these deadlines until after the Court determines personal jurisdiction.

Relief from the deadlines and issuing a stay on these proceedings until the Court has ruled on the pending motion promote judicial economy, efficiency in use of resources, and will best allow that parties to be in a position to draft a Joint Status Report and Discovery Plan and conduct meaningful discovery when/if the Court find jurisdiction. As the joint nature of this Motion suggests, no party will be prejudiced by the allowance of the present motion.

## IV. CONCLUSION

The parties missed the deadlines set forth, plain and simply. No excuses. The parties were diligently engaged in drafting papers specific to Defendants' Motion to Dismiss and missed the deadlines. Extension of the deadlines sent in the Court's Order, Dkt. No. 26, and stay of these proceedings pending resolution of the Motion to Dismiss are warranted here to endure efficient use of resources and to allow the parties to properly conduct discovery once the Motion is resolved and the Defendants have filed an Answer.

Accordingly, the Parties respectfully request that the Court grant relief from the deadlines set in its Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement and extend those deadlines starting two weeks after the Court issues its ruling on Defendants Motion to Dismiss. The Parties also respectfully request that the Court stay these civil proceedings until the Motion to Dismiss has been resolved.

DATED this 12th day of March 2021.

FREEMAN LAW FIRM, INC.

*s/ Spencer D. Freeman*
Spencer D. Freeman, WSBA # 25069
FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, Washington 98402
sfreeman@freemanlawfirm.org
sierra@freemanlawfirm.org

Attorney for Plaintiff Will Co

*/s/Philip Mann*
Philip P. Mann, Esq. (WSBA No. 28860)
Mann Law Group PLLC
403 Madison Ave. N. Ste.240
Bainbridge Island, Washington 98104
Tel: 206-463-0900
Email: phil@mannlawgroup.com

|   |   |
|---|---|
| 1 |        */s/ Valentin Gurvits* |
| 2 | Valentin D. Gurvits (*pro hac vice pending*) |
|   | Frank Scardino (*pro hac vice pending*) |
| 3 | BOSTON LAW GROUP, PC |
|   | 825 Beacon Street, Suite 20 |
| 4 | Newton Centre, Massachusetts 02459 |

/s/ Valentin Gurvits

Valentin D. Gurvits (*pro hac vice pending*)
Frank Scardino (*pro hac vice pending*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Evan Fray-Witzer

Evan Fray-Witzer (*pro hac vice pending*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

*Attorneys for Defendant*

---

JOINT MOTION FOR RELIEF OF DEADLINE AND
STAY PROCEEDINGS - 7   [NO. 3:20-cv-05666 RSL]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)