The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>KAM KEUNG FUNG, aka 馮 錦 強, aka FUNG KAM KEUNG, aka FUNG KAM-KEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM,<br><br>Defendants. | Case No.:  3:20-cv-05666-DGE<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AGAINST DEFENDANT KAM KEUNG FUNG**<br><br>NOTE ON MOTION CALENDAR: December 10, 2021 |

COMES NOW, Plaintiff Will Co. Ltd. ("Will Co."), by and through its undersigned counsel, and file this Motion to Compel Discovery Against Defendant Kam Keung Fung.

### I.   INTRODUCTION AND FACTS

On July 8, 2020, Plaintiff Will Co. filed this action against Doe Defendants alleging copyright infringement of Plaintiff's copyrighted works on the web site Avgle.com.  Dkt. No. 1.  Shortly thereafter, Plaintiff requested leave to conduct early discovery to determine the identities of the owners and operators of Avgle.com.  Dkt. Nos. 4-6.  On August 3, 2020, the Court granted the motion for early discovery.  Dkt. No. 7.

On November 12, 2020, after conducting early discovery, Plaintiff filed a First Amended Complaint ("FAC") identifying individual defendants as owners and operators of Avgle.com, including Kam Keung Fung and Fellow Shine Group Limited. Dkt. No. 8. After service of the FAC, Defendants appeared in the action. Dkt. No. 19-22. At the same time of their appearance, Defendants filed a Motion to Dismiss, asserting the lack of personal jurisdiction in the United States. Dkt. No. 23. In short, Defendants argued they were located outside the United States and did not intentionally direct Avgle.com to the Unites States Market, personal jurisdiction did not exist in the United States. Plaintiff opposed the motion and sought in the alternative leave to conduct jurisdictional discovery. Dkt. No. 28.

On July 19, 2021, the Court granted Plaintiff's request for jurisdictional discovery. Dkt. No 43. Therein, the Court determined that based upon the facts then presented jurisdiction in the United States had not been established. However, the Court found that "Plaintiff's claim of personal jurisdiction over FSG and Mr. Fung is not attenuated, it is entirely possible that the U.S. market for adult videos guided the development of Avgle.com and its revenue structure." Id. Therefore, the Court granted Plaintiff's motion for jurisdictional discovery.

On August 11, 2021, Plaintiff served Defendant Fung with discovery requests. *Declaration of Spencer D. Freeman ISO Motion to Compel Against Defendant Fung ("Decl. S. Freeman")*, p 2, ¶ 2. On September 14, 2021, Defendant Fung served Plaintiff with responses to discovery. *Decl. S. Freeman*, p 2, ¶ 3. These requests and responses, at issue here, are as follows:

- **Requests for Production Nos. 1-4** are specific to hosting companies utilized in the operation of Avgle, including contracts (RFP No. 1), invoices (RFP No. 2), payments (RFP No. 3), and communications with the hosting companies (RFP No. 4). Defendant Fung provided a response only specific to hosting companies located in the United States.

- **Requests for Production Nos. 5-8** are specific to relationships with payment processors specific to monetary transactions related to Avgle.com, including contracts (RFP No. 5), invoices (RFP No. 6), payments (RFP No. 7), and communications with the payment processors (RFP No. 8). Defendant Fung provided a response only specific to payment processors located in the United States.

- **Requests for Production Nos. 9-12** are specific to relationships with advertisement brokers for advertising on Avgle.com, including contracts (RFP No. 9), invoices (RFP No. 10), payments (RFP No. 11), and communications with the ad brokers (RFP No. 12). Defendant Fung provided a response only specific to brokers located in the United States.

- **Requests for Production Nos. 13-16** are specific to relationships with companies advertising directly on Avgle.com, including contracts (RFP No. 13), invoices (RFP No. 14), payments (RFP No. 15), and communications with the payment processors (RFP No. 16). Defendant Fung provided a response only specific to companies located in the United States.

- **Request for Production No. 17** requests Fung to produce all communications he had with Fellow Shine Group (Fung set up the entire web site and vendor contracts specific to Avgle.com). Defendant Fung refused to provide any documents in response to this request, stating that none referenced or concern the United States.

- **Request for Production No. 18** requests Fung to produce all contracts he had with Fellow Shine Group. Defendant Fung refused to provide any documents in response to this request, stating that none referenced or concern the United States.

*Decl. S. Freeman*, p 2, ¶ 4, Ex. A.

On or about September 24, 2021, Plaintiff emailed Defendant's counsel to set a Fed.R.Civ.P. 37 conference regarding deficiencies in the discovery responses, expressly stating that the limitation to companies located in the United States was deficient. *Decl. S. Freeman*, p 2, ¶ 5. On September 30, 2021, respective counsel conferred via telephone regarding the discovery requests and Plaintiff's asserted deficiencies. Defendant Fung took the position that no further production would be forthcoming and it was agreed that the issues would need to be resolved by a motion to compel. *Decl. S. Freeman*, p 2, ¶ 6.

Two issues arose during the conference requiring clarification from Defendant Fung, whether there were any written contract with ad brokers other than Tiger Media and whether when Fung stated there were "no documents with United States entities" he also meant that there were no documents which referenced the United States. Regarding the latter issue, Defendant Fung made the full comment/explanation in some places while limiting the explanation to "with United States entities" in others. *Decl. S. Freeman*, p 2, ¶ 7.

On October 29, 2021, Defendant Fung provided the requested clarification: there were no written contracts with advertising brokers and wherever Fung stated that there were "no documents with United States entities" there were also no related documents that reference the United States. *Decl. S. Freeman*, p2, ¶ 8.

## II.    RELIEF REQUESTED

It is respectfully requested that the Court grant Will Co.'s motion to compel discovery and Order Defendant Fung to respond substantively, and completely, to the Request for Production of Documents.

## III.    ARGUMENT

### A. Broad Scope of Discovery Requires Allstate to Respond Substantively.

Fed.R.Civ.P. 26(b)(1) states (emphasis added):

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding ***any*** nonprivileged matter that is ***relevant*** to any party's claim or defense and proportional to the needs of the case, considering the importance of the

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In the context of discovery, "relevant" is interpreted very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation. *Oppenhiemer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 12, 98 S.Ct. 2380, 57 L.ed 253 (1978) (*quoting* 4 J. Moore, Federal Practice ¶ 26.56[1], p 26, no. 34 (2d ed. 1976)).  In the context of jurisdictional discovery, discovery requests should be "precisely focused" and "aimed at addressing matters relating to [] jurisdiction." See GTE New Media Servs., Inc. v. BellSouth Corp., 339 U.S. App. D.C. 332, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000); see also Crane v. Carr, 259 U.S. App. D.C. 229, 814 F.2d 758, 764 (D.C. Cir. 1987)

A party resisting discovery must show either a lack of relevancy or undue burden for each discovery requests it opposes, such that it is clear the information does not come within the broad scope of discovery or is of such marginal relevance that the potential harm incurred by discovery would outweigh the presumption in favor of disclosure. *Schultz v. Olympic Med. Crt.,* Case No. C07-5377 FDB, 2008 U.S. Dist. LEXIS 80848 (W.D. Wash. Aug. 22, 2008).

Here, Fung does not assert any specific privilege pertaining to the discovery requests nor prepared a privilege log.  Fung objects based upon relevance and undue burden, but then provides responses.[1]  However, Fung's responses were limited to only those documents regarding companies in the United States or which referenced the United States.  These were

---

[1] Fung asserts "Initial Objections" in preamble to the discovery responses.  The Court should either ignore these general objections or overrule them.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *MD Helicopters, Inc. v. Aerometals, Inc.*, No. 2:16-cv-02249 TLN AC, 2019 U.S. Dist. LEXIS 81400, at *10 (E.D. Cal. May 14, 2019); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). *See, e.g., Anderson v. Hansen*, No. 09-cv-01924-LJO, 2012 U.S. Dist. LEXIS 131010, 2012 WL 4049979, at *8 (E. D. Cal. Sept. 13, 2012) (overruling the defendant's boilerplate objections to requests for admissions in their entirety because "boilerplate objections do not suffice" and because objections must be clarified, explained, and supported).

| | |
|---|---|
| PLAINTIFFS' MOTION TO COMPEL DISCOVERY AGAINST DEFENDANT FUNG - 5  [NO. 3:20-cv-05666 DGE] | **FREEMAN LAW FIRM, INC.**<br>1107 ½ Tacoma Avenue South<br>Tacoma, WA 98042<br>(253) 383-4500 - (253) 383-4501 (fax) |

not the requests made, Fung unilaterally and improperly limited the scope of each request. Fung could well have had contact or worked with a company outside the United States which in known to provide service within the United States market. Additionally, that "United States" is not stated in a document does not necessarily render the document irrelevant to the United States. Fung is attempting to avoid turning over documents related to its vendors and operations with the self-serving statement that they do not evidence intent to market to the United States. Neither the Court nor Plaintiff should have to rest on the self-serving statements. The documents should be made available for analysis.

**1. Requests for Production Nos. 1-4.**

Requests for Production Nos. 1-4 are specific to hosting companies utilized in the operation of Avgle. Plaintiff should not be limited to just those companies that are located in the United States or host on servers located in the United States to determine whether display is intended for the United States. Foreign hosting companies may be contracted for efficient display in the United States even though the company nor the servers are located in the United States, be known for such display, or charge monies specific to display in the United States or North America. Moreover, communications between Fung and the companies may reveal an intent to display and market to the United States.

To determine whether Avgle.com intentionally targeted the United States, Plaintiff must have access to any hosting contracts, invoices, payments, and communications with the hosting companies.

**2. Requests for Production Nos. 5-8.**

Requests for Production Nos. 5-8 are specific to relationships with payment processors specific to monetary transactions related to Avgle.com. If payment processors are contracted to process payments coming from United States users or United States companies regardless of the physical location of the processing company, such could support a determination that Avgle.com was intended to target the United States market. The payment processors may

address United State taxes, or taxes from certain states in the United States. The contracts with the processors and payments on those contracts must be reviewed for such a determination. Moreover, communications with the processing companies may well reveal not just knowledge of the collection of United States monies, but an intention to do so.

To determine whether Avgle.com intentionally targeted the United States, Plaintiff must have access to any payment processing contracts, invoices, payments, and communications with the processing companies.

### 3. Requests for Production Nos. 9-12.

Requests for Production Nos. 9-12 are specific to relationships with advertisement brokers for advertising on Avgle.com. Fung claims that the ad brokers have free rein to place whatever advertisements the broker wants on Avgle.com, without input nor control of himself or the owners of Avgle.com. Thus, Fung claims he has no say whatsoever regarding the United States advertisements on the site. It is time to put these claims to test. Therefore, the contracts with the ad brokers, payments to and from the ad brokers, and communications with the ad brokers should be produced for review and analysis. It may well be that Avgle.com earns significantly more revenue from United States advertisements and the contract makes it clear of such awareness and even intention to earn such monies.

Through counsel, Fung has represented the only written contract that exists is with Tiger Media, which has been produced. Even if true, invoices and payments with other companies are still relevant to jurisdictional inquiry. Moreover, communications between Fung and the ad brokers, including Tiger Media and others, clearly could establish intent to target the United States market.

To determine whether Avgle.com intentionally targeted the United States, Plaintiff must have access to any ad broker contracts, invoices, payments, and communications with the ad brokers. The web site earns its revenue solely through advertisements. Those relationships are essential to a jurisdictional analysis. Even further, this information goes directly to the

"percentage of U.S.-based content and revenues" which the Court stated could materially alter jurisdictional analysis. Dkt. No. 43.

**4.  Requests for Production Nos. 13-16.**

Requests for Production Nos. 13-16 are specific to relationships with companies advertising directly on Avgle.com. Avgle.com earns its revenue from advertisements. For those companies that advertise directly on Avgle.com rather than going through ad brokers, they may well intentionally contract for ads on Avgle.com because of the display in the United States. They may contract directly for that service or were made aware of the United States as a market open to them through Avgle.com. Thus contacts, payments, and communications with these companies are imperative to jurisdictional analysis.

To determine whether Avgle.com intentionally targeted the United States, Plaintiff must have access to any advertiser contracts, invoices, payments, and communications with the companies directly advertising on Avgle.com.

**5.  Request for Production No. 17.**

Request for Production No. 17 requests Fung to produce all communications he had with Fellow Shine Group. Fung admits that he created the web site Avgle.com and entered all contracts for the site operation and revenue generation. He did so on behalf of site owner Fellow Shine Group. Communication between Fung and the owner will reveal instructions regarding site creation and intentions regarding site direction. Such is crucial information regarding intentional targeting of the web site.

Fung claims that none of his communications with Fellow Shine Group concern the United States. This assertion is self-serving and can only be verified with the production of the communications. Plaintiff should be able to conduct a review of the communications and determine whether they support an intention to market to the United States market. In addition, these communications will likely reveal the "business plan", "the circumstances under which an English language website with prominent reference to U.S. law was chosen", and "how and

why the template was edited". These were all factors the Court stated could materially alter the jurisdictional analysis.

### 6. Request for Production No. 18.

Request for Production No. 18 requests Fung to produce all contracts he had with Fellow Shine Group. It is axiomatic that Fung's contracted role for Avgle.com dictates the tasks he undertook. Perhaps he was contractually directed to target the United States or North America or to expressly expand the market beyond Asia. Perhaps he was compensated based upon revenue generation and he had a direct incentive to market where the advertisements pay the most (United States).

Fung claims that his contracts with Fellow Shine Group do not concern the United States. Plaintiff should not be forced to just take his word. The contracts should be produced for review and analysis.

### B. Attorneys' Fees

Fed.R.Civ.P. 37(a)(5)(A) provides that a party prevailing on a motion for an order compelling answers or responses to discovery requests that the party whose conduct necessitate the motion be required to pay for reasonable expenses, including attorneys' fees, in making the motion.

Will Co. requests that Fung be ordered to pay attorneys' fees associated with the instant motion in an amount support by a fee petition filed within 20 days of the Court's Order Compelling Discovery.

### IV. CONCLUSION

For the reasons stated herein, it is respectfully requested the Court grant Will Co.'s motion to compel and require Fung to produce all requested documents.

\\

\

1  DATED this 28th day of November 2021.

FREEMAN LAW FIRM, INC.

*s/ Spencer D. Freeman*
Spencer D. Freeman, WSBA # 25069
FREEMAN LAW FIRM, INC.
sfreeman@freemanlawfirm.org
sierra@freemanlawfirm.org

Attorney for Plaintiff Will Co

---

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AGAINST DEFENDANT FUNG - 10  [NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)