The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

WILL CO. LTD. a limited liability company organized under the laws of Japan,

              Plaintiff,

      vs.

KAM KEUNG FUNG, aka 馮錦強, aka FUNG KAM KEUNG, aka FUNG KAM-KEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM,

              Defendants.

Case No.: **3:20-cv-05666-DGE**

**NOTICE OF ERRATA BY PLAINTIFF WILL CO. LTD. CORRECTING DOCKET ENTRY 48**

NOTE ON MOTION CALENDAR: December 10, 2021

      PLEASE TAKE NOTICE that Plaintiff Will Co. Ltd. herewith files the attached pages 1 through 19 to the Declaration of Spencer Freeman, filed November 28, 2021, in support of Plaintiff's Motion to Compel Discovery Against Defendant Fellow Shine Group Limited (Dkt. No. 47). The attached pages should be added to the original filing of the Declaration of Spencer Freeman, Dkt. No. 48.

      RESPECTFULLY SUBMITTED this 29th day of November, 2021.

NOTICE OF ERRATA BY PLAINTIFF WILL CO LTD.
CORRECTING DOCKET ENTRY 48 - 1
[NO. 3:21-cv-05666 DGE]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

1

2              **FREEMAN LAW FIRM, INC.**

3              By: _/s/ Spencer D. Freeman_____
               Spencer D. Freeman, WSBA No. 25069
4              Attorney for Plaintiff Will Co. Ltd.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF ERRATA BY PLAINTIFF WILL CO LTD.          **FREEMAN LAW FIRM, INC.**
CORRECTING DOCKET ENTRY 48 - 2                      1107 ½ Tacoma Avenue South
[NO. 3:21-cv-05666 DGE]                             Tacoma, WA 98402
                                                    (253) 383-4500 - (253) 383-4501 (fax)

The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan, Plaintiff, | Case No. 3:20-cv-05666-RSL |
| vs. | **DEFENDANT FELLOW SHINE GROUP LIMITED'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION** |
| KAM KEUNG FUNG, aka 馮 錦 強, aka FUNG KAM KEUNG, aka FUNG KAMKEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM, | |

**DEFENDANT FELLOW SHINE GROUP LIMITED'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATOIRES AND REQUESTS FOR PRODUCTION**

Defendant Fellow Shine Group Limited ("FSG" or "Defendant") hereby responds to Plaintiff's first Interrogatories and Requests for Production as follows:

**INITIAL OBJECTIONS:**    FSG objects to the extent that any of Plaintiff's Requests or Interrogatories seek information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product doctrine or any other privilege or confidentiality.  To the extent that any documents which are subject to such

1

1   privileges are produced, FSG does not waive any applicable privilege exceeding the document(s)

2   that were produced.  FSG objects on the basis that many of these requests are unlimited in time,

3   seek irrelevant information and/or information not reasonably calculated to lead to the discovery

4   of admissible evidence.  FSG objects to these requests to the extent that they seek documents or

5   information wholly unrelated to the issue of personal jurisdiction as the Court has only allowed

6   jurisdictional discovery to proceed.

7   **REQUEST NO. 1:**   Produce all articles of incorporation, operating agreements, and/or any

8   document which relates to the creation of Fellow Shine Group, Ltd. and the business of Fellow

9   Shine Group, Ltd.

10   **OBJECTION:**   Defendant objects to this Request to the extent it is overbroad and unduly

11   burdensome and seeks irrelevant information and/or information not reasonably calculated to

12   lead to the discovery of admissible evidence.  Defendant objects to the extent that this request is

13   vague and ambiguous.  Subject to and without waiving these objections, Defendant responds as

14   follows:

15   **RESPONSE:**   Defendant produces the Memorandum of Association and the Articles of

16   Association of Fellow Shine Group Limited.  These are produced in documents bates stamped:

17   FSG 000001 – FSG 000019.

18   **REQUEST NO. 2:**   Produce any and all Fellow Shine Group, Ltd. financial documents, from

19   January 1, 2018 to the present, including bank account statements, e-wallet account statements

20   (such as Paypal or Paxum), and any cryptocurrency accounts.

21   **OBJECTION:**  Defendant objects to this Request to the extent it is overbroad and unduly

22   burdensome and seeks irrelevant information and/or information not reasonably calculated to

23   lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that

24   is seeks information or documents that are protected from discovery or disclosure by virtue of

2

1  the right to privacy, constitute confidential information, proprietary information, or trade secrets,

2  or which are otherwise protected from discovery.

3  **RESPONSE:** Defendant has no responsive documents within its care, custody, or control

4  relating to or evidencing financial transaction with United States entities or persons, or which

5  relate to services or transactions relating to the United States, for the period of January 1, 2019

6  through June 2020.

7  **REQUEST NO. 3:**    Produce any and all contracts Fellow Shine Group, Ltd. has with any

8  hosting companies, including but not limited to Cloudflare, Inc.

9  **OBJECTION:**  Defendant objects to this Request to the extent it is overbroad and unduly

10  burdensome and seeks irrelevant information and/or information not reasonably calculated to

11  lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

12  Defendant responds as follows:

13  **RESPONSE:** Defendant will produce responsive documents within its care, custody, or control

14  with respect to any contracts active during the period of January 2019 – June 2020 with

15  companies located in the United States or providing hosting to Avgle.com within the United

16  States.  Defendant's relationship with Cloudflare, Inc. is governed by Cloudflare, Inc's terms of

17  service, outlined on its website and produced as documents bates stamped: FSG 000020 – FSG

18  000026.

19  **REQUEST NO. 4:**    Produce any and all invoices from any hosting companies to Fellow Shine

20  Group, Ltd. and/or regarding services for Avgle.com, including, but not limited to Cloudflare,

21  Inc.

22  **OBJECTION:**       Defendant objects to this Request to the extent it is overbroad, unbound

23  by scope, and unduly burdensome and seeks irrelevant information and/or information not

24

1    reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

2    waiving these objections, Defendant responds as follows:

3    **RESPONSE:**          Defendant has no responsive documents within its care, custody, or

4    control from the time period of January 2019 through June 2020 involving companies located

5    within the United States or providing hosting to Avgle.com within the United States.

6    **REQUEST NO. 5:**    Produce records of any and all payments you made to any hosting

7    companies regarding services for Fellow Shine Group, Ltd. and/or Avgle.com, including but not

8    limited to Cloudflare, Inc.

9    **OBJECTION:**          Defendant objects to this Request to the extent it is overbroad, unbound

10   by scope, and unduly burdensome and seeks irrelevant information and/or information not

11   reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this

12   request to the extent that is seeks information or documents that are protected from discovery or

13   disclosure by virtue of the right to privacy, constitute confidential information, proprietary

14   information, or trade secrets, or which are otherwise protected from discovery.  Subject to and

15   without waiving these objections, Defendant responds as follows:

16   **RESPONSE:**          Defendant has no responsive documents within its care, custody, or

17   control from the time period of January 2019 through June 2020 involving companies located

18   within the United States or providing hosting to Avgle.com within the United States.

19   **REQUEST NO. 6:**    Produce copies of any and all communications you had with any hosting

20   companies regarding services for Fellow Shine Group, Ltd. and/or Avgle.com, including but not

21   limited to Cloudflare, Inc.

22   **OBJECTION:**          Defendant objects to this Request to the extent it is overbroad, unbound

23   by scope, and unduly burdensome and seeks irrelevant information and/or information not

24

4

1  reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

2  waiving these objections, Defendant responds as follows:

3  **RESPONSE:**        Defendant will produce responsive documents within its care, custody, or

4  control from the time period of January 2019 through June 2020.  These documents are produced

5  as documents bates stamped: FSG 000027 – 000034.

6  **REQUEST NO. 7:**    Produce any and all contracts Fellow Shine Group, Ltd.  has with any

7  online payment processors, including but not limited to Paypal, Inc.

8  **OBJECTION:**        Defendant objects to this Request to the extent it is overbroad, unbound

9  by scope, and unduly burdensome and seeks irrelevant information and/or information not

10  reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

11  waiving these objections, Defendant responds as follows:

12  **RESPONSE:**        Defendant has no responsive documents within its possession, custody, or

13  control with respect to United States online payment processors, such as Paypal, Inc., for the

14  time period of January 2019 through June 2020.

15  **REQUEST NO. 8:**    Produce any and all invoices from any online payment processor sent to

16  Fellow Shine Group, Ltd. and/or regarding services for Avgle.com, including but not limited to

17  Paypal, Inc.

18  **OBJECTION:**        Defendant objects to this Request to the extent it is overbroad, unbound

19  by scope, and unduly burdensome and seeks irrelevant information and/or information not

20  reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this

21  request to the extent that is seeks information or documents that are protected from discovery or

22  disclosure by virtue of the right to privacy, constitute confidential information, proprietary

23  information, or trade secrets, or which are otherwise protected from discovery.  Subject to and

24  without waiving these objections, Defendant responds as follows:

1  **RESPONSE:**          Defendant has no responsive documents within its possession, custody, or

2  control, with respect to invoices from United States online payment processors, such as Paypal,

3  Inc. for the time period of January 2019 through June 2020.

4  **REQUEST NO. 9:**    Produce records of any and all payments to any online payment processor

5  regarding services for Fellow Shine Group, Ltd. and/or Avgle.com, including but not limited to

6  Paypal, Inc.

7  **OBJECTION:**       Defendant objects to this Request to the extent it is overbroad, unbound by

8  scope, and unduly burdensome and seeks irrelevant information and/or information not

9  reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this

10  request to the extent that is seeks information or documents that are protected from discovery or

11  disclosure by virtue of the right to privacy, constitute confidential information, proprietary

12  information, or trade secrets, or which are otherwise protected from discovery.  Subject to and

13  without waiving these objections, Defendant responds as follows:

14  **RESPONSE:**          Defendant has no responsive documents within its possession, custody, or

15  control, with respect to payments to United States online payment processors, such as Paypal,

16  Inc. for the time period of January 2019 through June 2020.

17  **REQUEST NO. 10:**  Produce copies of any and all communications with any online payment

18  processing company regarding services for Fellow Shine Group, Ltd. and/or Avgle.com,

19  including but not limited to Paypal, Inc.

20  **OBJECTION:**       Defendant objects to this Request to the extent it is overbroad, unbound by

21  scope, and unduly burdensome and seeks irrelevant information and/or information not

22  reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

23  waiving these objections, Defendant responds as follows:

24

1  **RESPONSE:** Defendant has no responsive documents within its possession, custody, or control,

2  with respect to communications with United States online payment processors, such as Paypal,

3  Inc. for the time period of January 2019 through June 2020.

4  **REQUEST NO. 11:**  Produce any and all contracts Fellow Shine Group, Ltd. has with any

5  advertiser brokers or any company that has authority to contract for the placement of

6  advertisements on Avgle.com, including but not limited to Tiger Media.

7  **OBJECTION:**        Defendant objects to this Request to the extent it is overbroad, unbound by

8  scope, and unduly burdensome and seeks irrelevant information and/or information not

9  reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

10  waiving these objections, Defendant responds as follows:

11  **RESPONSE:**        Defendant will produce its contract with Tiger Media Inc. d/b/a JuicyAds,

12  a Canadian corporation.  This contract is produced with documents bates stamped: FSG 000035

13  – 000040.

14  **REQUEST NO. 12:**  Produce any and all invoices from any advertiser brokers or any company

15  that has authority to contract for the placement of advertisements on Avgle.com to Fellow Shine

16  Group, Ltd. and/or regarding services for Avgle.com, including but not limited to Tiger Media.

17  **OBJECTION:**        Defendant objects to this Request to the extent it is overbroad, unbound by

18  scope, and unduly burdensome and seeks irrelevant information and/or information not

19  reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this

20  request to the extent that is seeks information or documents that are protected from discovery or

21  disclosure by virtue of the right to privacy, constitute confidential information, proprietary

22  information, or trade secrets, or which are otherwise protected from discovery.  Subject to and

23  without waiving these objections, Defendant responds as follows:

24

1  **RESPONSE:**          Defendant has no responsive documents within its care, custody, or

2  control, with respect to invoices from United States advertising brokers for the time period of

3  January 2019 through June 2020.

4  **REQUEST NO. 13:**  Produce records of any and all payments to any advertiser brokers or any

5  company that has authority to contract for the placement of advertisements on Avgle.com

6  regarding services for Fellow Shine Group, Ltd., and/or Avgle.com, including but not limited to

7  Tiger Media.

8  **OBJECTION:**          Defendant objects to this Request to the extent it is overbroad, unbound by

9  scope, and unduly burdensome and seeks irrelevant information and/or information not

10 reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this

11 request to the extent that is seeks information or documents that are protected from discovery or

12 disclosure by virtue of the right to privacy, constitute confidential information, proprietary

13 information, or trade secrets, or which are otherwise protected from discovery.  Subject to and

14 without waiving these objections, Defendant responds as follows:

15 **RESPONSE:**          Defendant has no responsive documents within its care, custody, or

16 control, with respect to payments made to United States advertising brokers for the time period

17 of January 2019 through June 2020.

18 **REQUEST NO. 14:**  Produce copies of any and all communications with any advertiser brokers

19 or any company that has authority to contract for the placement of advertisements on Avgle.com

20 regarding services for Fellow Shine Group, Ltd., and/or Avgle.com, including but not limited to

21 Tiger Media.

22 **OBJECTION:**          Defendant objects to this Request to the extent it is overbroad, unbound by

23 scope, and unduly burdensome and seeks irrelevant information and/or information not

24 reasonably calculated to lead to the discovery of admissible evidence.

8

1    **RESPONSE:**          Defendant has no responsive documents within its care, custody, or

2    control, with respect to communications with United States advertising brokers for the time

3    period of January 2019 through June 2020.

4    **REQUEST NO. 15:**  Produce any and all contracts Fellow Shine Group, Ltd. has with any

5    companies regarding advertisements or potential advertisements on Avgle.com, including but

6    not limited to Multi Media LLC and DoubleClick, Inc.

7    **OBJECTION:**          Defendant objects to this Request to the extent it is overbroad, unbound by

8    scope, and unduly burdensome and seeks irrelevant information and/or information not

9    reasonably calculated to lead to the discovery of admissible evidence.

10   **RESPONSE:**          Defendant has no responsive documents within its care, custody, or

11   control, with respect to United States advertising companies for the time period of January 2019

12   through June 2020.

13   **REQUEST NO. 16:**  Produce any and all invoices from any companies to Fellow Shine Group,

14   Ltd. relating to any advertising on Avgle.com including but not limited to Multi Media LLC and

15   DoubleClick, Inc.

16   **OBJECTION:**          Defendant objects to this Request to the extent it is overbroad, unbound by

17   scope, and unduly burdensome and seeks irrelevant information and/or information not

18   reasonably calculated to lead to the discovery of admissible evidence.

19   **RESPONSE:**          Defendant has no responsive documents within its care, custody, or

20   control, with respect to invoices from United States advertising companies for the time period of

21   January 2019 through June 2020.

22   **REQUEST NO. 17:**  Produce records of any and all payments to any company regarding

23   advertising on Avgle.com, including but not limited to Multi Media LLC and DoubleClick, Inc.

24

1    **OBJECTION:**        Defendant objects to this Request to the extent it is overbroad, unbound by

2    scope, and unduly burdensome and seeks irrelevant information and/or information not

3    reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this

4    request to the extent that is seeks information or documents that are protected from discovery or

5    disclosure by virtue of the right to privacy, constitute confidential information, proprietary

6    information, or trade secrets, or which are otherwise protected from discovery.  Subject to and

7    without waiving these objections, Defendant responds as follows:

8    **RESPONSE:**        Defendant has no responsive documents within its care, custody, or

9    control, with respect to payments made to United States advertising companies for the time

10   period of January 2019 through June 2020.

11   **REQUEST NO. 18:**  Produce copies of any and all communications with any company

12   advertising on Avgle.com including but not limited to Multi Media LLC and DoubleClick, Inc.

13   **OBJECTION:**        Defendant objects to this Request to the extent it is overbroad, unbound by

14   scope, and unduly burdensome and seeks irrelevant information and/or information not

15   reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects on the

16   basis that this request is ambiguous.  Subject to and without waiving these objections, Defendant

17   responds as follows:

18   **RESPONSE:**        Defendant has no responsive documents within its care, custody, or

19   control, with respect to communications with United States advertising companies for the time

20   period of January 2019 through June 2020.

21   **REQUEST NO. 19:**  Produce copies of any and all communications with any company

22   regarding advertising on Avgle.com including but not limited to Multi Media LLC and

23   DoubleClick, Inc.

24

1    **OBJECTION:**      Defendant objects to this Request to the extent it is overbroad, unbound by

2    scope, and unduly burdensome and seeks irrelevant information and/or information not

3    reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

4    waiving these objections, Defendant responds as follows:

5    **RESPONSE:**      Defendant has no responsive documents within its possession, custody, or

6    control, with respect to communications with United States companies regarding advertising for

7    the time period of January 2019 through June 2020.

8    **REQUEST NO. 20:**   Produce any and all contracts Fellow Shine Group, Ltd. has with Awesapp

9    Ltd.

10    **OBJECTION:**      Defendant objects to this Request to the extent it is overbroad and unduly

11    burdensome and seeks irrelevant information and/or information not reasonably calculated to

12    lead to the discovery of admissible evidence.   Subject to and without waiving these objections,

13    Defendant responds as follows:

14    **RESPONSE:**      Defendant has no such documents that specifically reference or concern

15    the United States in its care, custody, or control.

16    **REQUEST NO. 21:**   Produce any and all invoices from Awesapp Ltd.

17    **OBJECTION:**      Defendant objects to this Request to the extent it is overbroad and unduly

18    burdensome and seeks irrelevant information and/or information not reasonably calculated to

19    lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that

20    is seeks information or documents that are protected from discovery or disclosure by virtue of

21    the right to privacy, constitute confidential information, proprietary information, or trade secrets,

22    or which are otherwise protected from discovery.

23    Subject to and without waiving these objections, Defendant responds as follows:

24

1   **RESPONSE:**          Defendant has no such documents that specifically reference or concern

2   the United States in its care, custody, or control.

3   **REQUEST NO. 22:**   Produce records of any and all payments to Awesapp Ltd.

4   **OBJECTION:**          Defendant objects to this Request to the extent it is overbroad and unduly

5   burdensome and seeks irrelevant information and/or information not reasonably calculated to

6   lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that

7   is seeks information or documents that are protected from discovery or disclosure by virtue of

8   the right to privacy, constitute confidential information, proprietary information, or trade secrets,

9   or which are otherwise protected from discovery.

10  Subject to and without waiving these objections, Defendant responds as follows:

11  **RESPONSE:**          Defendant has no such documents that specifically reference or concern

12  the United States in its care, custody, or control.

13

14  **REQUEST NO. 23:**   Produce copies of any and all communications with Awesapp Ltd.

15  **OBJECTION:**          Defendant objects to this Request to the extent it is overbroad and unduly

16  burdensome and seeks irrelevant information and/or information not reasonably calculated to

17  lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

18  Defendant responds as follows:

19  **RESPONSE:**          Defendant has no such documents that specifically reference or concern

20  the United States in its care, custody, or control.

21

22  **REQUEST NO. 24:**   Produce any and all documents, including but not limited to emails,

23  letters, memorandum, reports, and meeting minutes related to or mentioning any hosting

24  provider including but not limited to Cloudflare, Inc.

1    **OBJECTION:**        Defendant objects to this Request to the extent it is overbroad and unduly

2    burdensome and seeks irrelevant information and/or information not reasonably calculated to

3    lead to the discovery of admissible evidence.  Defendant objects to the extent that this request

4    seeks documents protected by any privilege, including, without limitation, the attorney-client

5    privilege or the attorney work product doctrine or some other privilege or confidentiality.

6    Subject to and without waiving these objections, Defendant responds as follows:

7    **RESPONSE:**        Defendant will produce responsive documents within its care, custody, or

8    control with respect to the time period of January 2019 – June 2020 with respect to

9    communications to or from United States hosting providers.  Defendant refers Plaintiff to

10   documents produced under bates stamps: FSG 000020 – FSG 000026 and FSG 000027 –

11   000034.

12   **REQUEST NO. 25:**  Produce any and all documents, including but not limited to emails,

13   letters, memorandum, reports, and meeting minutes related to or mentioning Tiger Media.

14   **OBJECTION:**        Defendant objects to this Request to the extent it is overbroad and unduly

15   burdensome and seeks irrelevant information and/or information not reasonably calculated to

16   lead to the discovery of admissible evidence.  Defendant objects to the extent that this request

17   seeks documents protected by any privilege, including, without limitation, the attorney-client

18   privilege or the attorney work product doctrine or some other privilege or confidentiality.

19   Subject to and without waiving these objections, Defendant responds as follows:

20   **RESPONSE:**        Defendant has no such documents that specifically reference or concern

21   the United States in its care, custody, or control.

22

23   **REQUEST NO. 26:**  Produce any and all documents, including but not limited to emails,

24   letters, memorandum, reports, and meeting minutes related to or mentioning United States.

1   **OBJECTION:**       Defendant objects to this Request to the extent it is overbroad and unduly

2   burdensome and seeks irrelevant information and/or information not reasonably calculated to

3   lead to the discovery of admissible evidence.  Defendant objects as it is ambiguous as to what

4   makes a document "relate" to the "United States."  Defendant objects to the extent that this

5   request seeks documents protected by any privilege, including, without limitation, the attorney-

6   client privilege or the attorney work product doctrine or some other privilege or confidentiality.

7   Subject to and without waiving these objections, Defendant responds as follows:

8   **RESPONSE:**       Defendant produces documents bates stamped FSG 000054 – FSG

9   000101.

10   **REQUEST NO. 27:**  Produce any and all emails or other written correspondence or

11   communication with Kam Keung Fung.

12   **OBJECTION:** Defendant objects to this Request as overbroad and unduly burdensome and

13   seeks irrelevant information and/or information not reasonably calculated to lead to the

14   discovery of admissible evidence.  Subject to and without waiving these objections, Defendant

15   responds as follows:

16   **RESPONSE:**       Defendant has no such documents that specifically reference or concern

17   the United States in its care, custody, or control.

18

19   **REQUEST NO. 28:**  Produce Google Analytics Reports for tracking code UA-88439523; UA-

20   88439523-1; UA-88439523-2; UA-88439523-3; and UA-88439523-4.

21   **OBJECTION:**       Defendant objects to this Discovery Request as overbroad and unduly

22   burdensome.  Defendant objects to this request to the extent that it could be read to require

23   Defendant to create or produce documents that do not otherwise exist or which are not within the

24   Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could

14

1   be read to impose an obligation on Defendant to conduct independent research for Plaintiffs'

2   benefit.  Defendant is unable to produce these reports as Google has denied it access to produce

3   these reports.  Subject to, and without waving these objections, Defendant responds as follows:

4   **RESPONSE:**           Notwithstanding the foregoing, prior to Google denying Defendant access

5   to run a report for tracking code UA-88439523-3, Defendant saved two pages from the report for

6   tracking code UA-88439523-3, these pages are produced as documents bates stamped FSG

7   000102 – FSG 000103.

8   **REQUEST NO. 29:**  Produce AdThis Reports for tracking code AddThisPubID: ra-

9   58a2e9d645e86f23.

10  **OBJECTION:**           Defendant objects to this Discovery Request as overbroad and unduly

11  burdensome.  Defendant objects to this request to the extent that it could be read to require

12  Defendant to create or produce documents that do not otherwise exist or which are not within the

13  Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could

14  be read to impose an obligation on Defendant to conduct independent research for Plaintiffs'

15  benefit.  Subject to and without waving this objection, Defendant responds as follows:

16  **RESPONSE:**           Defendant produces documents bates stamped FSG 000040 – FSG

17  000041.

18  **REQUEST NO. 30:**  Produce BlueKai Reports for tracking code BlueKaiSiteID: 27675.

19  **OBJECTION:**           Defendant objects to this Discovery Request as overbroad and unduly

20  burdensome.  Defendant objects to this request to the extent that it could be read to require

21  Defendant to create or produce documents that do not otherwise exist or which are not within the

22  Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could

23  be read to impose an obligation on Defendant to conduct independent research for Plaintiffs'

24

1  benefit.  Defendant objects because Defendant has no relationship with BlueKai.  Subject to and

2  without waiving these objections, Defendant responds as follows:

3  **RESPONSE:**          Defendant has no responsive documents in its care, custody, or control.

4  **REQUEST NO. 31:**  Produce any and all documents referenced in the Answers to

5  Interrogatories.

6  **RESPONSE:**  No documents are referred to in the interrogatories and, as such, there are no

7  documents responsive to this request.

8

9                                    **INTERROGATORIES**

10  **INTERROGATORY NO. 1:**          Please describe the relationship Fellow Shine Group has

11  with the website pussl48.com.

12  **OBJECTION:**          Defendant objects on the basis that this interrogatory is overbroad and

13  seeks irrelevant information and/or information not reasonably calculated to lead to the

14  discovery of admissible evidence.  Subject to and without waiving these objections, Defendant

15  responds as follows:

16  **RESPONSE**:  Defendant has no relationship with the website pussl48.com.

17

18

19

20

21

22

23

24

                                          16

1  Fellow Shine Group's Answers to Interrogatories are signed under the pains and

2  penalties of perjury this 10th Day of September 2021

3
For and on behalf of
FELLOW SHINE GROUP LIMITED
韻耀集團有限公司

4
*Ming Chung*
..........................................
*Authorized Signature(s)*

5
Name: Ming Chung Wu
Title: Director of Fellow Shine Group, Ltd

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1   **As to Objections:**

2

3   Philip P. Mann, Esq. (WSBA No. 28860)
    Mann Law Group PLLC
    107 Spring Street
4   Seattle, Washington 98104
    Tel: 206-463-0900
5   Email: phil@mannlawgroup.com

6   /s/ Valentin Gurvits
    Valentin D. Gurvits (*pro hac vice*)
7   Frank Scardino (*pro hac vice*)
    BOSTON LAW GROUP, PC
8   825 Beacon Street, Suite 20
    Newton Centre, Massachusetts 02459
9   Telephone: 617-928-1804
    Facsimile: 617-928-1802
10  vgurvits@bostonlawgroup.com
    frank@bostonlawgroup.com

11  /s/ Evan Fray-Witzer
12  Evan Fray-Witzer (*pro hac vice*)
    CIAMPA FRAY-WITZER, LLP
13  20 Park Plaza, Suite 505
    Boston, Massachusetts 02116
14  Telephone: 617-426-0000
    Facsimile: 617-423-4855
15  Evan@CFWLegal.com

16  *Attorneys for Defendants*

17

18  Dated: September 14, 2021

19

20

21

22

23

24

18

1

## **CERTIFICATE OF SERVICE**

2

       I hereby certify on the date indicated below I served the foregoing document on all

3

parties who have appeared in this matter via e-mail:

4

5

Spencer D. Freeman

6

sfreeman@freemanlawfirm.org

7

DATED:  September 14, 2021                    By:  /s/ Evan Fray-Witzer

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24