The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>KAM KEUNG FUNG, aka 馮錦強, aka FUNG KAM KEUNG, aka FUNG KAM-KEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM,<br><br>Defendants. | Case No.: 3:20-cv-05666-DGE<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY AGAINST DEFENDANTS KAM KEUNG FUNG AND FELLOW SHINE GROUP LIMITED**<br><br>NOTE ON MOTION CALENDAR: December 17, 2021 |

COMES NOW, Plaintiff Will Co. Ltd. ("Will Co."), by and through its undersigned counsel, and file this Motion to Compel Discovery Against Defendant Fellow Shine Group Limited.

\\\\

\\\

\\

\

## I. ARGUMENT

Specific to Fed.R.Civ.P. 4(k)(2) jurisdiction[1] asserted in this litigation, jurisdiction is found where (1) a non-resident defendant purposefully directs activities or consummates some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

For intentional torts, the Ninth Circuit Court applies the *Calder* effects test in examining purposeful direction of a defendant's activities toward a forum. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Here, Will Co.'s copyright infringement claims are properly analyzed under *Calder* test. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010); *Rio*, 284 F.3d at 1019-20.

Purposeful direction under the *Calder* effects test "'requires that the defendant allegedly have 1) committed an intentional act, 2) expressly aimed at the forum state, 3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Schwarzenegger*, 374 F.3d at 803.

Here, Defendants are alleged for have violated Plaintiff's United States copyrights by display the works subject to these copyrights on the web site Avgle.com.

Pursuant to the Court's Order on Defendants Motion to Dismiss For Lack of Personal Jurisdiction (Dkt. No. 43), the Court found that the evidence presented at that point did not establish Defendants had expressly aimed the web site at the United States. Plaintiff presented evidence that the web site has a viewer base with United States viewers at 6-8% viewership

---

[1] "The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendant] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007)

and the fourth largest base, utilizes a Content Delivery Network with servers in the United States and which provides faster more efficient display of videos in the United States, includes United States legal references on the web site, and has ads targeted specifically to United States viewers.

While finding express aiming had not yet been established, the Court also stated that "Plaintiff's claim of personal jurisdiction over FSG and Mr. Fung is not attenuated: it is entirely possible that the U.S. market for adult videos guided the development of Avgle.com and its revenue structure." Dkt. No. 43. The Court went on to outline that discovery regarding aspects of the business plan, the development of the web site itself, the choice of the web site template, the nature of the relationship with the vendors, and monies earned from the advertisers "could materially alter the analysis." Id.

Setting Defendants' unnecessary snarky-ness aside, Defendants outright miss the point when alleging the Plaintiff has engaged in a broad fishing expedition and essentially assert that the only available discovery is that of direct contact with United States entities or persons. Such position directly conflicts with the Order of the Court (Dkt. 43) wherein the Court expressly stated that the manner in which the business of the company and the web site were developed may well be material to the issue of jurisdiction, as well as details regarding the relationships with vendor. In fact, Plaintiff's discovery request went exactly to those points.

Defendants act as if they get to be the sole arbitrators of what is relevant to jurisdiction, without allowing either the Plaintiff or the Court the opportunity to engage in such analysis. Jurisdictional analysis, as stated by the Court previously in this case, goes beyond what contact Defendants had with United States entities, but includes the manner in which the site and business was developed. Also, for instance, in today's world of Internet business, it is most certainly feasible if not likely for a company to target a country for business without locating computer servers in that country. Defendants refuse to provide such information. The question that remains is what is the Defendant hiding?

**1. Requests for Production Nos. 3-6 to FSG/Nos. 1-4 to Mr. Fung.**

Defendants refuse to produce any documentation relating to hosting companies, including contracts, invoices, payments, and communications. Their stated reason is that there are no hosting companies located in the United States and no foreign hosting companies operating servers for Defendants in the United States. Such does not preclude the potential, if not likelihood, that these foreign hosting companies with foreign servers provide specific services to display in the United States and contract for those services. Further, Defendants may have communicated with these companies regarding issues that are unique to the United States market.

Plaintiff has a right to review these contracts, invoices, payments, and communications to analyze whether there are any aspects unique the United States. Plaintiff certainly should not be left to take Defendants' word for it.

**2. Requests for Production Nos. 7-10 to FSG/Nos. 5-8 to Mr. Fung.**

Plaintiff has requested documents specific to relationships with payment processors. Again, Defendants refuse to produce any documents while asserting there are no payments which evidence a connection with the United States. In all due respect, Plaintiff should not have to rely on Defendants for this self-serving assessment. Plaintiff should be able to review and determine source of payments, and thus revenue, and analyze whether the revenue establishes a further connection with the United States.

**3. Requests for Production Nos. 11-14 to FSG/Nos. 9-12 to Mr. Fung.**

Plaintiff has requested documents specific to advertising brokers. Defendants respond by presenting documents specific to Tiger Media and asserting that Tiger Media is their only current advertising broker. Perhaps, but such misses the point. If there are prior brokers or brokers where relationships were explored and not consummated, such have potential jurisdictional relevance. Such could illustrate that these other brokers were less able to assist with United States based advertisers (and geo-targeted ads). For instance, communications with

other potential brokers may well shape the intention of Defendants to focus on the United States.

**4.   Requests for Production Nos. 15-18 to FSG/Nos. 13-16 to Mr. Fung.**

Plaintiff requests for documentation relating to direct advertisers.  Defendants admit to having relationships with two companies which directly advertise on Avgle.com.  However, Defendants assert such are not relevant because the companies are located in China and, in Defendants' assessment, could not have possibly wanted to reach a United States audience.  Once again having to set aside Defendants' snarky comments, Defendants ignore the value of the United States market, which is the fourth largest for Avgle.com. Defendants further assert that any documents with these companies do not refer to nor relate to the United States market.

Plaintiff should not have to rely upon the self-serving statements and assessment of Defendants.  Plaintiff should be able to review these documents to assess whether they in any way support advertising to be aimed at the United States.

**5.   Request for Production No. 24 to FSG.**

Plaintiff requests internal company documents which reference hosting companies. Contrary to Defendant's assertion that this request is one of the "most attenuated," the request is extremely relevant.  Such documents would reveal Defendants' exploration of and decisions regarding which hosting company to utilize.  These may well provide great insight into where exactly Defendants want to ensure efficient and consistent display of Avgle.com (such as the United States).

As stated by the Court previously, information regarding the development of the business of Avgle.com is relevant to jurisdiction in this case.  The choice of what company to use for hosting, including what companies are rejected, is a major part of the development of an Internet business.

\\

\

**6. Request for Production No. 26 to FSG.**

Plaintiff requests all internal documents which reference the United States. Defendants take the position that they will only produce those documents which reference the United States which *they* believe has relevance to jurisdiction. Defendants should not be in the place of making such a determination. Whether intentional or not, their assessment is inherently and inextricably influenced by their intended result in this lawsuit, which is to thwart responsibility for the unlawful display of copyrighted materials in the United States.

Plaintiff should, without question, be able to review all Defendants internal references to the United States for analysis.

**7. Request No. 17 to Mr. Fung.**

Plaintiff has requested copies of all communications Mr. Fung has with Defendant FSG, which owns Avgle.com. Fung is admittedly the person that performed the tasks to create and develop the web site. It is not beyond reason that Mr. Fung did so at the behest and direction of FSG. The Court has already stated that the manner in which the web site and the business were created and developed have relevance to the jurisdictional analysis in this case. Communications between FSG (the owner) and Fung (the developer) are directly on point.

Defendant Fung expects Plaintiff and the Court to just accept his assertion that none of these communications reference or relate to the United States. Defendant Fung's self-serving assessment should not be relied upon. Moreover, most certainly these communications have to do with the development of Avglem.com, which is relevant here.

**8. Request No. 18 to Mr. Fung.**

Plaintiff requests a copy of all contracts between the owner of Avgle.com and the developer of the site. Defendant refuses to produce *any* contracts, including the contract that governs the work on Avgle.com, once again stating that in his assessment it has nothing to do with the United States. Plaintiff has a right to review at a minimum the contract governing

work on Avgle.com.  Moreover, other contracts between FSG and Fung may also shed light on the relationship between the parties and the expectations of the on-going relationship.

Similar to all other issues, neither the Plaintiff nor the Court should be forced to rely on Defendant's own assessment of what is jurisdictionally relevant.

## II.     CONCLUSION

For the reasons stated herein, it is respectfully requested the Court grant Will Co.'s motion to compel and require FSG and Fung to produce all requested documents.

DATED this 17th day of December 2021.

FREEMAN LAW FIRM, INC.

_s/ Spencer D. Freeman_
Spencer D. Freeman, WSBA # 25069
FREEMAN LAW FIRM, INC.
sfreeman@freemanlawfirm.org
sierra@freemanlawfirm.org

Attorney for Plaintiff Will Co