The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>KAM KEUNG FUNG, aka 馮 錦 強, aka FUNG KAM KEUNG, aka FUNG KAM-KEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM,<br><br>Defendants. | Case No.: 3:20-cv-05666-DGE<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

COMES NOW, Plaintiff Will Co. Ltd. ("Will Co."), by and through its undersigned counsel, and files this Supplemental Memorandum In Support of Plaintiff's Opposition to Defendant's Motion to Dismiss.

### I.   INTRODUCTION AND FACTS

On July 19, 2021, the Court issued a ruling on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. Dkt. No. 43. Therein, the Court granted jurisdictional discovery and Plaintiff the opportunity to present supplemental briefing on the subject of personal jurisdiction after discovery was completed. This Memorandum is that supplemental briefing.

In discovery, Defendants produced their contracts with Tiger Media, Inc., d/b/a as JuicyAds. Tiger Media is the exclusive advertiser broker for Fellow Shine Group Limited, and thus Avgle.com. The Tiger Media contract states:

> **3.     Exclusivity**
>
> During this Agreement, Publisher [Fellow Shine Group] will not enter into any other arrangement or agreement with any third party to obtain services for the Publisher Sites that are substantially similar to the services provided under this agreement. Specifically, Publisher will not sell any pop ad space on the Publisher Sites to any third party.

*Decl. S. Freeman,* p 2, ¶¶ 2-5, Exs. A, B, and C.

Also, the Tiger Media Agreements dictates that the terms of service on Tiger Media's website:

> **1.     Company Terms of Service**
>
> The terms of service on Company's website (www.juicyads.com/terms/) ("*terms of service*") apply to Publisher's [Fellow Shine Group] access and use of the service, except that if an inconsistency exists between this agreement and the terms of service, this agreement will prevail.

*Id*.

The Tiger Media Terms of Service provide meaningful insight regarding knowing display into the United States. First, Tiger Media *required* Fellow Shine Group to state that they are complying with and will continue to comply with 18 U.S.C. §§ 2257-2257A *and* United States regulations stated in 28 C.F.R. Part 75. Specifically, the terms state:

> **4. Statement of Fact**
>
> 4.1 By Publisher [Fellow Shine Group]. You state that the following facts are accurate and will continue to be accurate during this agreement:
> . . .
> (l) You and the Publisher Websites comply with 18 U.S.C. §§ 2257-2257A, including the implementing regulations codified at 28 C.F.R. Part 75.

*Id.*, p 2, ¶ 6, Ex. D.

Further, the Tiger Media makes it clear that it is Fellow Shine Group that is responsible for both the source of the traffic access Avgle.com and has the ultimate control of the advertisements placed on Avgle.com. Specifically, Tiger Media Terms of Service states:

**23.   Disclaimers**

23.1   You acknowledge that JuicyAds has no special relationship with or fiduciary duty to you and the JuicyAds has no control over, and no duty to take any action regarding:

(a)   which users gain access to the Site, services, or platform;
. . .
23.2   You acknowledge that JuicyAds has no control over (and is merely a passive conduit with respect to) any content that may be submitted or published by any advertiser, and that you are solely responsible (and assume all liability and risk) for determining whether that content is appropriate or acceptable to you.

*Id.*

## II.   ARGUMENT

This memorandum is intended as a supplemental memorandum to Plaintiff's Opposition to Defendants' Motion to Dismiss, Dkt No. 28. Therefore, Plaintiff incorporates those legal and factual argument citations here, without repeating them.

The Court's state concern about personal jurisdiction here was that Plaintiff had not shown that the United States was a focal point of Avgle.com or Defendants' conduct in creating or maintaining the website. Dkt. No. 43 at 11. It is noteworthy that whether in examining third-party advertisements the relevant inquiry is whether the Defendants exploited the United States market for commercial gain. *See Mavrix Photo, Inc. v. Brand Techs. Inc.*, 647 F. 3d 1218, 1229 (9th Cir. 2011).

Here, the contract and terms of service with Tiger Media make it clear that Defendants operated Avgle.com knowing and intending to exploit the United States market. When they entered into the contract with Tiger Media, they were required to commit to compliance with 18

1  U.S.C. 2257 and 28 C.F.R. Part 75, United States codes and regulations, respectively. Therefore, Defendants were aware prior to entering into the contracts that Tiger Media sells United States advertising and intends to display ads in the United States. There is simply no other interpretation of these facts.

Since Defendants were aware of the display of United States advertising in the United States prior to or at the time of entering the contract with Tiger Media, and certainly on the renewals of the contract, they must be held account to the knowing exploitation of the United States market.

Further, and contrary to Defendants' previous statements, Defendants had full control over what ads were displayed on Avgle.com. Previously, Defendants asserted they had no say or control over the ads placed on Avgle.com. However, Tiger Media's terms of service makes it clear that it is Tiger Media that is the passive conduit (not Defendants) regarding the advertising content and Defendants that have the responsibility to determining what advertisements are acceptable.

Therefore, per contractual requirement Defendants actively participate in reviewing and approving advertisements on Avgle.com, including those which are specific to and target United States viewers.

Defendants entered into the contract with Tiger Media knowing Tiger Media targeted United States viewers. Defendants must review and approve advertisements placed on Avgle.com by Tiger Media, including those which target the United States. It is clear that Defendants knowingly and intentionally exploit the United States market. Such is sufficient to fulfill the requirement of express aiming. *Id.*.

\\\

\\

\

### III.  CONCLUSION

For the reasons stated herein and in Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 28), Plaintiffs respectfully ask the Court to deny the motion.

DATED this 30th day of May 2022.

FREEMAN LAW FIRM, INC.

*s/ Spencer D. Freeman*
Spencer D. Freeman, WSBA # 25069
FREEMAN LAW FIRM, INC.
sfreeman@freemanlawfirm.org

Attorney for Plaintiff Will Co.