The Honorable Robert S. Lasnik

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan, Plaintiff, vs. KAM KEUNG FUNG, aka 馮錦強, aka FUNG KAM KEUNG, aka FUNG KAMKEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM, | Case No. 3:20-cv-05666-RSL |

### DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### Introduction

Plaintiff, a private Japanese limited liability company headquartered in Tokyo brought the present this action against a Chinese-born individual (who is a permanent resident of Hong Kong) and a foreign corporation based in the British Virgin Islands, concerning a website that is: managed out of Taiwan; supported by ads placed on the website by a Canadian ad broker (that was engaged from Hong Kong); hosted on servers located in the Netherlands; displaying user-generated videos with Japanese titles that are primarily in the Japanese language. Because Defendants (and Plaintiffs' claims) lack any relevant, continuing, or substantial connection to Washington or to the United States as a whole, Defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2).

1

On July 19, 2021, after a full briefing by the Parties, this Court found that Plaintiff had failed to make even a *prima facie* showing that the Court could exercise personal jurisdiction over Defendants consistent with the Constitution's due process requirements. See Docket No. 43. Nevertheless, finding that it was plausible that Plaintiff might be able meet its burden if provided with the opportunity to jurisdictional discovery, the Court deferred dismissing the action to afford Plaintiff the opportunity to take limited discovery that might bolster its jurisdictional claims.

Now, following the close of jurisdictional discovery, Plaintiff has submitted its Supplemental Opposition to Defendants' Motion to Dismiss and it is immediately apparent that "there is no *there* there."[1]

## ARGUMENT

In its last-ditch attempt to try to connect Defendants to the forum, Plaintiff points to agreements between Defendant Fellow Shine Group Limited ("FSG") and advertising broker Tiger Media, Inc. d/b/a JuicyAds ("Tiger Media"), a **Saskatchewan (Canada)** company as its basis for asserting specific personal jurisdiction over Defendants within the United States. Unfortunately for the Plaintiff, however, the Agreements do not say what Plaintiff believes they say; do not mean what Plaintiff thinks they mean; and (even if they did) do not even remotely bolster Plaintiff's jurisdictional arguments.

Preliminarily, it is worth remembering that Plaintiff told this Court that it needed discovery concerning FSG's ad brokers because:

> It may well be that Avgle.com earns significantly more revenue from United States advertisements and the contract makes it clear of such awareness and even intention to earn such monies. The communications between FSG and the ad brokers clearly could establish intent to target the United States market.

---

[1] Gertrude Stein, "Everybody's Autobiography" (1937).

*See* Plaintiff's Motion to Compel. D.E. 49, p. 7.

Having found no such evidence, Plaintiff now shifts its argument, claiming that certain clauses in *Tiger Media's* standard boilerplate agreements suggest that *Tiger Media* anticipates that it will reach a U.S. market with some of its advertising.  Even if this were true, it would add nothing to Plaintiff's argument that Defendants' website is expressly aimed at the United States.

First, the language on which Plaintiff relies to make its arguments does not even appear in the actual agreements between FSG and Tiger Media.  Instead, Plaintiff points to language in the agreements that purport to incorporate by reference Terms of Service that appear on the JuicyAds website and which apply to both advertisers and publishers using the JuicyAds website.

Even if the Terms of Service governing a contract between FSG and its Canadian-based advertising broker were remotely relevant to the question at hand, Plaintiff fails to quote a number of sections of that agreement (and misunderstands those sections it does rely on).  Unsurprisingly, Tiger Media's Terms of Service provide, *inter alia,* that they are governed by "Canadian federal law and the laws of the province of Saskatchewan, without giving effect to its conflicts of law principles." *See* D.E.62, p. 39, §28.7.  The Terms of Service also provide all disputes concerning the Terms of Service will be resolved by "arbitration administered by the ADR Institute of Saskatchewan," with the arbitration to occur "in Regina, Saskatchewan." *Id.* at p. 37, §§26.3(a) and 26.3(c).  To the extent that any Court proceeding is authorized in the agreement, exclusive jurisdiction is "in the courts of Regina, Saskatchewan, Canada." *Id.* at 26.5.  If the Terms of Service stand for any proposition it is that the focus of the Agreement is Canada.

Plaintiff, however, points to §4(l) of Tiger Media's Terms of Service, which provides that the publishing websites "comply with 18 U.S.C. §§2257-2257A, including the implementing

3

regulations codified at 28 C.F.R. Part 75." *Id.* at p. 28. References to compliance with §2257 – which requires websites to affirm that the models depicted are 18 years of age or older – are often used by adult websites simply to indicate that the website does not permit the posting of images of underage individuals, regardless of what country the images originate from. Even if this were not the case, *at most* the quoted language suggests that Tiger Media knows that its advertisements may be viewed in the United States. Even if the Court were to assume that this knowledge could be imputed to FSG by virtue of its having signed an agreement that incorporates Tiger Media's Terms of Service, it is simply insufficient. *See, e.g., AMA Multimedia, Ltd. Liab. Co. v. Wanat,* 970 F.3d 1201, 1210 (9th Cir. 2020)("Although Wanat may have foreseen that ePorner would attract a substantial number of viewers in the United States, this alone does not support a finding of express aiming.") Moreover, because it is undisputed that Plaintiff's claims are wholly unrelated to §2257, this provision of the Terms of Service is simply irrelevant. *Id.* at 1212 ("But AMA does not allege violations of the TOS. The TOS therefore does not establish any targeting of the U.S. market; it at most suggests Wanat knew ePorner might have U.S. traffic.")

    Next, Plaintiff cites two additional sections of Tiger Media's Terms of Service, alleging that they prove that Defendants had more control over the advertising appearing on the AVGLE.com website than they claimed. This, too, is incorrect.

    The first cited section, 23.1(a) provides, in relevant part, that "JuicyAds has no special relationship with or fiduciary duty to you and the JuicyAds has no control over and no duty to take action regarding… which users gain access to the Site, services, or platform." Plaintiff is mistaken, however, in what the defined term "Site" refers to – it is not FSG's website, but rather the JuicyWeb website as is explained in the Terms of Service itself. *See* D.E. 62, p. 1 (defining the "Site" as "the website located at www.juicyads.com"). In other words, Tiger Media is

disclaiming liability based on the identity of the users of *its* website.  Such has no relevance to Plaintiff's claims of personal jurisdiction over Defendants.

Finally, Plaintiff cites to Section 23.2 of the Terms of Service, which provides, in relevant part, that, "JuicyAds has no control over (and is merely a passive conduit with respect to) any content that may be submitted or published by any advertiser, and that you are solely responsible (and assume all liability and risk) for determining whether that content is appropriate or acceptable to you." *Id.* at p. 35.  This section does nothing more than acknowledge that JuicyAds disclaims liability if the advertising content that it places on a website is offensive or illegal, leaving such determinations up to the website itself.  This is entirely consistent with what Defendants have said from the start.  *See, e.g.,* Declaration of Ming Chung Wu on Behalf of Fellow Shine Group Limited, in Support of Defendants' Motion to Dismiss,  D.E. 23-3, pp. 6-7, ¶36 ("Avgle.com makes available to the broker "space" on Avgle.com, and the broker then sells that spaces as it sees fit to its advertiser clients. An advertiser buys (from the broker) the right to display whatever advertisements it chooses in the space provided on Avgle.com *as long as it complies with law* and the broker's rules")(emphasis added).  The simple fact that FSG retains the right to reject the placement of advertising on its website that might violate the law in no way demonstrates that Defendants expressly aimed their website at the United States.

In short, Plaintiff's jurisdictional discovery has done nothing to bolster Plaintiff's argument that Defendants are subject to personal jurisdiction within Washington or the United States and, as such, Defendants' Motion to Dismiss should be allowed.

## CONCLUSION

For the reasons stated hereinabove and in Defendants' Motion to Dismiss, this  Plaintiff's Motion to Compel should be denied in its entirety; this Court should finalize its order dismissing the present case for a lack of personal jurisdiction.

**Respectfully submitted,**

/s/ Philip Mann
Philip P. Mann, Esq. (WSBA No. 28860)
Mann Law Group PLLC
403 Madison Ave. N, Ste. 240
Bainbridge Island, WA 98110
Tel: 206-463-0900
Email: phil@mannlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendants*

Dated: December June 6, 2022

# CERTIFICATE OF SERVICE

I hereby certify on June 6, 2022, I served the foregoing document on counsel of record through the ECF filing system.

/s/ Evan Fray-Witzer