1

The Honorable David G Estudillo

2

3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

4

5

WILL CO. LTD. a limited liability company
organized under the laws of Japan,
Plaintiff,

Case No. 3:20-cv-05666-DGE

6

7

vs.

8

KAM KEUNG FUNG, aka 馮錦強, aka

9

FUNG KAM KEUNG, aka FUNG
KAMKEUNG, aka KUENG FUNG, aka

10

KEUNG KAM FUNG, aka KAM-KEUNG
FUNG, aka KEVIN FUNG, an individual;

11

FELLOW SHINE GROUP LIMITED, a
foreign company, and DOES 1-20, d/b/a

12

AVGLE.COM,

13

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO**
**REPORT AND RECOMMENDATION DKT. NO. 65**

14

**Introduction**

15

Plaintiff, a private Japanese limited liability company headquartered in Tokyo brought

16

the present this action against a Chinese-born individual (who is a permanent resident of Hong

17

Kong) and a foreign corporation based in the British Virgin Islands, concerning a website that is:

18

managed out of Taiwan; supported by ads placed on the website by a Canadian ad broker (that

19

was engaged from Hong Kong); hosted on servers located in the Netherlands; displaying user-

20

generated videos with Japanese titles that are primarily in the Japanese language. Because

21

Defendants (and Plaintiffs' claims) lack any relevant, continuing, or substantial connection to

22

Washington or to the United States as a whole, Defendants moved for dismissal pursuant to Fed.

23

R. Civ. P. 12(b)(2).

24

1

On July 19, 2021, after a full briefing by the Parties, this Court found that Plaintiff had failed to make even a *prima facie* showing that the Court could exercise personal jurisdiction over Defendants consistent with the Constitution's due process requirements.  *See* Docket No. 43.  Nevertheless, finding that it was *plausible* that Plaintiff might be able meet its burden if provided with the opportunity to jurisdictional discovery, the Court deferred dismissing the action to afford Plaintiff the opportunity to take limited discovery that might bolster its jurisdictional claims.

Following the close of jurisdictional discovery, the Court received supplemental briefing from both parties.  Far from bolstering its original case, however, Plaintiff's supplemental briefing made clear that – even having been afforded jurisdictional discovery – Plaintiff had failed to make any colorable claim that Defendants were subject to personal jurisdiction.  And, on August 17, 2022, Magistrate Cristel issued his Report and Recommendation in which he held, *inter alia*, that:

> After conducting jurisdictional discovery and filing a supplemental response, Plaintiff has still not shown the United States was "the focal point" of Avgle.com or of Defendants' conduct in creating and maintaining the site. …Plaintiff has, therefore, not shown express aiming, and the Court lacks jurisdiction over Defendants.

Docket No. 65, p. 9.

On August 31, 2022, Plaintiff filed its Objections to the Magistrate's Report and Recommendation.

## **ARGUMENT**

I.    The Present Case is Not Factually "Identical" to the Ninth Circuit's Recent Decision in *Will Co., Ltd v. Ka Yeung Lee, et al.*

In its Objections, Plaintiff primarily points to a recent opinion from the Ninth Circuit in

*Will Co., Ltd v. Ka Yeung Lee, et al.* ("*Lee*"), 2022 U.S. App. LEXIS 24549 (9th Cir. 2022)[1] in which the Ninth Circuit reversed a dismissal for lack of personal jurisdiction, insisting that the facts of *this* case "are essentially identical to the facts" in *Lee*.  This is simply not the case.

Preliminarily, it is worth noting that – unlike the case in *Lee* – Plaintiff here requested and was provided the opportunity to conduct jurisdictional discovery, which yielded no new facts with which to support a finding of personal jurisdiction.  Courts within this circuit have recognized that, once a party has been afforded jurisdictional discovery, it should no longer be permitted to simply rely on the unsupported allegations of its complaint.  *See, e.g., AMA Multimedia LLV v. Wanat*, 2017 U.S. Dist. LEXIS 228078, *8 (D. Az. 2017)("it makes little sense to allow early discovery because jurisdictional facts are disputed if the court is then required to accept the plaintiff's version of facts when assessing jurisdiction").

Moreover (and despite the fact that Defendants disagree with the holding in *Lee* and believe that it conflicts with the Ninth Circuit's holding in *AMA Multimedia LLV v. Wanat*, 970 F.3d 1201 (9th Cir. 2020)), the facts of this case are not, in truth, "essentially identical to the facts" in *Lee*.  Indeed, none of the factors that the Ninth Circuit found to be crucial to its finding of personal jurisdiction in *Lee* are present here.

First, in *Lee*, the Ninth Circuit found the defendants to be subject to personal jurisdiction – despite declaring the question a "close case" – in large part because the Defendants' website was hosted on servers within the United States.  *See, Lee* , pp. 15-17 ("Defendants chose to host the website in Utah…  There are a few ways sites can make their pages load faster. For one, the site's operators can choose to host their site on servers near their desired audience. The closer a viewer is located physically or geographically to the host server, the faster that page will load for

---

[1] Defendants in *Lee* have informed the Ninth Circuit of their intent to seek *en banc* review of the Court's decision.

the viewer.").  Not only is that factual assertion absent in this case, it is undisputed that the Defendants' website is (and at all relevant times has been) hosted on servers located in the Netherlands.  *See* Declaration of Ming Chung, D.E. 23-3, p. 3, ¶13 ("The hosting company that presently hosts the Avgle.com website is Novogara BV, which is located in Amsterdam, Netherlands. Novogara BV has hosted Avgle.com since July 2018, and before that, another company in the Netherlands was the hosting company for Avgle.com since Avgle.com launched.")

Next, in *Lee*, the Ninth Circuit credited Plaintiff's allegation that the Defendants had utilized a Content Delivery Network ("CDN") that had been configured *only* to speed the loading of the website in the United States and Asia.  *See, Lee* at p. 17, 18 ("In this case, by choosing to host ThisAV.com in Utah and to purchase CDN services for North America, Defendants chose to have the site load faster for viewers in the United States and slower for viewers in other places around the world.  … Defendants' counterarguments are unavailing. First, they object to two of Will Co.'s factual assertions. They object to Will Co.'s assertion that the CDN they purchased only decreases latency in North America and Asia, arguing that it actually decreases latency all around the world. However, at this stage, we resolve factual disputes in favor of the plaintiff, so we must assume that the CDN Defendants purchased decreased load times in North America and Asia only.").  Once again, no such allegation appears in Plaintiff's complaint in *this* case.  *See* D.E. 9, Plaintiff's Complaint.  To the contrary, Ming Chung's Declaration makes clear that Defendants engaged Cloudflare from Hong Kong to provide services for the website worldwide.  *See* Declaration of Ming Chung, D.E. 23-3, p. 4, ¶15 ("FSG uses Cloudflare's services for Avgle.com's worldwide use (the vast majority of which is related to users outside of the United States).")

Finally, the Ninth Circuit in *Lee* pointed to language contained on Defendants' website claiming that the website was available "from its location in the United States of America," and that its use was warranted *only* within the United States, even though Defendants argued that the language was included by mistake, because, again, it resolved factual disputes in the Plaintiff's favor.  *See Lee* at 18, 19 ("Again, at this stage we resolve factual disputes in favor of the plaintiff, so for the purposes of resolving this motion, we must assume that Defendants intended to post the content that appears on the compliance pages, and thus that it is evidence of their subjective intent to target the U.S. market.")  Plaintiffs make no allegation of similar language appearing on Defendants' website in *this* case.

In short, the factors that led the Ninth Circuit to find the Defendants subject to personal jurisdiction in *Lee* – a decision that even the Ninth Circuit panel categorized as a "close call" are simply not present here.  *This* case is not a close call and the Magistrate properly recommended the dismissal of the present action.

II.     The Magistrate Properly Found That References to U.S. Law Contained In a Terms of Service Agreement Provided to Defendants By a Canadian <u>Ad Broker Did Not Support a Finding of Personal Jurisdiction Over Defendants.</u>

In his Report and Recommendation, the Magistrate held that references to U.S. law made by JuicyAds, a Canadian ad broker utilized by Defendants, in its Terms of Service Agreement did not establish personal jurisdiction over Defendants in the U.S.:

> The Court has already determined Defendants' reference to U.S. laws on its website was not sufficient to show express aiming. Dkt. 43 at 10-11. Plaintiff now seeks to draw a connection through a more opaque reference to U.S. laws in JuicyAds' terms of service agreement. The terms of service agreement appears to be a boilerplate terms of service agreement used by JuicyAds with all publishers. See Dkt. 62 at 25-42. References to United States' law in JuicyAds' boilerplate terms of service agreement is not sufficient to show an effort by Defendants to target the U.S. market. It is more likely these statements were included because JuicyAds is aware that some publishers it works with would target

or have at least some U.S.- based traffic. *See AMA Multimedia*, 970 F.3d at 1212. References to United States' laws in JuicyAds' terms of service agreement is not sufficient to show Defendants' intentional actions were expressly aimed at this forum.

Report and Recommendation, p. 8.

In response, Plaintiff (somewhat half-heartedly) argues that the magistrate erred because: "Defendants, therefore, utilized an ad broker who was U.S. law compliant." Objections, p. 3. This is, of course, absurd. As the Magistrate noted, the Agreement itself was JuicyAds' boilerplate language used with all of its publishers, no matter where in the world they might be located. Moreover (as Defendants pointed out in their Supplemental Reply, the language on which Plaintiff relied to make its arguments does not even appear in the *actual* agreements between FSG and Tiger Media. Instead, Plaintiff pointed to language in the agreements that purported to incorporate by reference Terms of Service that appear on the JuicyAds website and which apply to both advertisers and publishers using the JuicyAds website. As the Magistrate correctly concluded, the most that could said about the JuicyAds Terms of Service is that *JuicyAds* (and not even Defendants) was aware that some of the websites for which it provides services have at least some U.S. based traffic. This is far from enough to establish that *Defendants* expressly aimed their Japanese-language website at the United States. *See, e.g., AMA Multimedia, Ltd. Liab. Co. v. Wanat,* 970 F.3d 1201, 1210 (9th Cir. 2020)("Although Wanat may have foreseen that ePorner would attract a substantial number of viewers in the United States, this alone does not support a finding of express aiming.")

## **CONCLUSION**

For the reasons stated hereinabove, this Court should adopt the Magistrate's Report and Recommendations in its entirety and finalize its order dismissing the present case for a lack of personal jurisdiction.

**Respectfully submitted,**

/s/ Philip Mann
Philip P. Mann, Esq. (WSBA No. 28860)
Mann Law Group PLLC
403 Madison Ave. N, Ste. 240
Bainbridge Island, WA 98110
Tel: 206-463-0900
Email: phil@mannlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendants*

Dated: December September 23, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify on September 23, 2022, I served the foregoing document on counsel of record through the ECF filing system.

/s/ Evan Fray-Witzer