The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>                Plaintiff,<br><br>    vs.<br><br>KAM KEUNG FUNG, aka 馮 錦 強, aka FUNG KAM KEUNG, aka FUNG KAM-KEUNG, aka KUENG FUNG, aka KEUNG KAM FUNG, aka KAM-KEUNG FUNG, aka KEVIN FUNG, an individual; FELLOW SHINE GROUP LIMITED, a foreign company, and DOES 1-20, d/b/a AVGLE.COM,<br><br>                Defendants. | **Case No.:  3:20-cv-05666-DGE**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM PURSUANT TO COURT ORDER, DKT. NO. 84** |

COMES NOW, Plaintiff Will Co. Ltd. ("Will Co."), by and through its undersigned counsel, and files this Supplemental Memorandum regarding Fair Play and Substantial Justice Pursuant to Court Order, Dkt No. 84.

## I.    <u>INTRODUCTION</u>

This matter was originally filed against John Doe defendants in July 2020 regarding infringement of Will Co.'s copyrighted works on the web site Avgle.com.  Dkt. No. 1.  After early discovery identified Kam Keung Fung and Fellow Shine Group Limited as the owners and operators of Avgle.com, Will Co. amended the complaint to identify them as defendants and

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 1
[NO. 3:20-cv-05666 DGE]

served them via alternative service.  Dkt. Nos. 7, 8, and 13.  After service was complete, Defendants filed a motion to dismiss for lack of personal jurisdiction.  Dkt. No. 23.  In July, 2021, the then assigned District Court Judge Honorable Robert S. Lasnik issued an Order granting jurisdictional discovery and permitting Will Co. to file a supplemental memorandum regarding jurisdiction.  Absent the supplemental memorandum, the motion to dismiss would be granted.  The Court also stated that the then present facts did not support personal jurisdiction.  Dkt. No. 43.

After a motion to compel discovery was granted (Dkt. No. 57) and discovery was produced, Will Co. filed supplemental memorandum on personal jurisdiction in late May 2022 with Defendants' reply following a week later.  Dkt. No. 61 and 63.  On June 27, 2022, United States District Court Judge David Estudillo referred Defendants' motion to dismiss to United States Magistrate Judge David W. Christel.  Dkt. No. 64.

On August 17, 2022, Magistrate Judge Christel issued a Report and Recommendation recommending Defendant's motion to dismiss be granted consistent with the reasoning asserted by Judge Lasnik.  The parties had until August 31, 2022 to file any objections to the Report and Recommendation.  Dkt. No. 65.  On August 31, 2022, the Ninth Circuit Court of Appeals published its ruling and opinion in *Will Co. v. Lee,* 47 F. 4th 917 (9th Cir. 2022) providing supremely relevant analysis of personal jurisdiction over foreign defendants displaying web sites in the United States.

Appropriately, Will Co. presented *Will Co.* as a predominant basis for objecting to the Report and Recommendation.  Dkt. Nos. 66 and 68.   Ultimately, the Court declined to adopt the original Report and Recommendation and referred the matter back to Magistrate Judge Christel for consideration of *Will Co.*  Dkt. No. 72.  On December 19, 2022, Magistrate Judge Christel filed a second Report and Recommendation distinguishing the instant matter from *Will Co.* and continued to recommend granting Defendants motion to dismiss.  Dkt. No. 76.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 2
[NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    Will Co. filed objections to the Report and Recommendation on January 9, 2023 (Dkt.

2    No. 79) outlining the reasons why the Ninth Circuit's analysis in *Will Co.* is directly applicable

3    to the instant case and defeats Defendants motion to dismiss.  Defendants filed a response on

4    January 20, 2023 (Dkt. No. 82) arguing in part that even if the first two requirements of

5    personal jurisdiction are met here, due process requirements of fair play and substantial justice

6    still requires dismissal.  The Court has requested Will Co. to present supplemental briefing on

7    the limited issue of fair play and substantial justice.  Dkt. No. 84.

8                                              **II.    ARGUMENT**

9             Where the first two requirements of specific personal jurisdiction are met, "in order to

10   satisfy the Due Process Clause, the exercise of personal jurisdiction must be reasonable"; that

11   is, "it must comport with 'fair play and substantial justice.'" *Panavision Int'l L.P. v. Toeppen*,

12   141 F.3d 1316, 1322 (9th Cir 1998), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

13   (1985). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to

14   defeat jurisdiction, he must present a compelling case that the presence of some other

15   considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477; *see also*

16   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797, 802 (9th Cir. 2004).  The <u>burden is on</u>

17   <u>the Defendants</u> to prove unreasonableness of the personal jurisdiction.

18            In determining whether the exercise of jurisdiction over a nonresident defendant

19   comports with "fair play and substantial justice," courts consider seven factors:

                 (1)      the extent of a defendant's purposeful interjection; (2) the burden on
        the defendant in defending in the forum; (3) the extent of conflict with
        the sovereignty of the defendant's state; (4) the forum state's interest
        in adjudicating the dispute; (5) the most efficient judicial resolution of
        the controversy; (6) the importance of the forum to the plaintiff's interest
        in convenient and effective relief; and (7) the existence of an alternative
        forum.

25   *Rio Props v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002).

26            What remains is *Defendants' burden* to present a *compelling case* that the seven factors

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 3
[NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1   render jurisdiction unreasonable.  Defendants have failed to do so.  As no single factor is

2   dispositive, a court must balance all seven.  *Id.*

3       All seven factors support exercising jurisdiction over Defendants and Defendants have

4   failed to present a compelling case that jurisdiction is unreasonable.

5       **A.  Extent of Interjection in the United States.**

6       That a tortfeasor may have expressly aimed an intentional act into the United States forum,

7   the degree of interjection must be weighed in assessing the overall reasonableness of exerting

8   jurisdiction and there may be circumstances where the interjection may still be minute enough that

9   the exercise of jurisdiction is unreasonable.  *Insurance Company of North America v. Marina*

10  *Salina Cruz,* 649 F.2d 1266, 1271 (9th Cir. 1981). This is not such a case.

11      Essentially, the smaller the element of purposeful interjection, the less jurisdiction may

12  be anticipated and the less reasonable is its exercise.  *Id.* Even in such cases, that there was

13  sufficient interjection for a finding of jurisdiction must be considered in the balancing.  *Core-*

14  *Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993).

15      Arguing their interjections in the United States market fail to result in reasonable

16  assertion of jurisdiction, Defendants significantly over-simplify their interjection into the United

17  States market and ignore key facts relied upon by the Ninth Circuit in *Will Co.* in finding

18  express aiming.  The sum of Defendants argument is they don't have offices or physical

19  presence in the United States, web site hosting was outside the United States.  However, they

20  significantly ignore their actual (and undisputed) contact with the United States.

21      Defendants' interjection in the United States market was significant in that such

22  interjection ensured that United States viewers enjoyed uninterrupted full videos, utilizing

23  Cloudflare's North American Content Delivery Network servers to best ensure the smooth

24  delivery of video to United States viewers (a fact not lost on the Ninth Circuit Court of Appeals

25  in *Will Co*).  Noteworthy is that out of all Cloudflare's worldwide CDN servers, Defendants

26  utilize only Asia and North American servers. Dkt. No. 29, ¶¶ 40-48.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 4
[NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Defendants' interjection into the United States market goes yet even further.  While the majority of the web site is in Japanese, consistent with the desire of those participating in the niche market of Japanese erotica, key crucial pages of the Avgle.com are in English, including (1) Terms and Conditions; (2) Privacy Policy; (3) DMCA; (4) 2257; (5) Advertise; (6) Notice; (7) FAQ; and (8) Support/Feedback.[1] Copyright issues are expressly handled consistent with United States law, and only United States law (DMCA).  Child protections (2257) are also handled specifically to the requirements of only United States law.  There are no references to any other country's law – at all.  Dkt. No. 29, ¶¶ 23-38, Exs. A-K.

Even further, there are approximately 26 million visitors per year from the United States, viewing over 500 million pages of Avgle.com – each through the United States CDN.  That is *extensive* interjection into the United States market.  Dkt. No. 8, ¶ 15.

Again, even further, Defendants earn money in the United States for United States advertisements (the sole source of income for the site).  Defendants utilize Tiger Media to present geotargeted ads to United States viewers, earning $300,000 in relevant time periods, paid at least $100,000 through United States based PayPal.  Geotargeted ads are NOT presented in all parts of the world.  Dkt. No. 29, ¶¶ 62-68.

The Tiger Media contract *requires* Defendants to have Avgle.com in compliance with United States law (18 U.S.C. § 2257 and 28 C.F.R. Part 75).  This means that Defendants are not just aware that Tiger Media will be advertising to the United States market but agree to take steps to ensure Avgle.com is in compliance to permit such advertising.  The Tiger Media contract also requires Defendants to review each advertisement prior to publication.  Thus, again, Defendants know full well of the advertisement in the United States market.  Dkt No. 62, ¶¶ 3-6, Exs. A-D

Defendants' interjections into the United States marketing is working, growing its

---

[1]  In addition, categories of content on Avgle.com is in English, including "Videos," "Dating," "VR," "Categories," "Live Sex," and "R18 Games" are all presented in English.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 5
[NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

United States viewership from 7.3% to 8.1% of the site's viewership and moving from fifth largest audience to the third.  Dkt. No. 29, ¶¶ 79-70.

Defendants' interjection in the United States market was significant and clear, far from negligible. Defendants have failed their burden in establishing this factor weighs against a finding of jurisdiction.  Defendants' interjection weighs in favor of jurisdiction.

**B.  Burden of Defendant in Defending in the Forum.**

The factor regarding burden on defendant in litigation in the United States weighs in favor of jurisdiction.  The sum substance of Defendants three-page argument on this issue is that they will have "logistical difficulties in litigation this case here – none of the parties are located in the United States; none of the witnesses would be located here; none of the exhibits are here; and Mr. Fung does not even hold a visa that would allow him to travel to the United States." Dkt. No. 82 at 12.

Even if the assertion that *everything* was located outside the United States was accurate (it is not as the CDN is here), such does not illustrate some logistical nightmare that would render it unfair for Defendants to litigate and go to trial in the United States.  It has long been known and accepted that the modern advancement in communications and transportation can and will significantly reduce the burden of litigating in another country. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993), *citing Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1199 (9th Cir. 1988).

In 2020 and 2021, the Western District of Washington became incredibly adept at conducting trials when *all* participants are located remotely (whether in the building next door, across the country, or across the world).  Thus, there truly is no more burden for litigants located outside the area (against, whether in the next city, state or country across the world.).  Not only can trials be conducted with parties in remote locations across the world, discovery can be conducted in the same manner.  Depositions can be done with remote video conferencing services and exchange of paper discovery has long been handled via electronic transmissions.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 6
[NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

There literally is not one aspect of litigation that cannot be handled via electronic transmissions, thus allowing the parties and their counsel to be located anywhere at anytime. Given the lack of any additional burden created by the location of the participants of this litigation, this factor weighs in favor of jurisdiction.

### C.  Extent of Conflict with the Sovereignty of Defendants' State.

The next factor concerns the extent to which the exercise of jurisdiction would conflict with the sovereignty of the defendants' state.   It is accurate to state that the "foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context" and great care should be "exercised when extending our notions of personal jurisdiction into the international field."   In large part, such care is required due to sovereignty concerns exist.  *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1489 (9th Cir. 1993), *citing Pacific Atlantic Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1330 (9th Cir. 1985); *Asahi Metal Indus. Co. v. Superior Court of Cal,* 480 U.S. 105, 115 (1987); and *Sinatra,* 854 F.2d at 1199.

However, the fact of the existence of sovereignty concerns does not automatically weigh against a finding of jurisdiction.  Rather, the weight of this factor requires an examination of the presence or absence of connections to the United States in general, not just to the forum state.  Sovereignty concerns weigh more heavily when the defendants have no United States-based relationships. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993), *citing Sinatra,* 854 F.2d 1191.

Defendants here reference only that they are a Hong Kong person and British Virgin Islands corporation whose "actions were entirely taken from within Hong Kong and Taiwan." Such fails to recognize the clear connections present between the Defendants and the United States: (1) contract with United States Content Delivery company, Cloudflare; (2) use of only Asian and North American CDN servers; (3) contract with an advertising broker, Tiger Media, who was clearly marketing Avgle.com advertisement potential to United States advertisers and

serving advertisements from servers located in the United States; (4) Required by Tiger Media to ensure Avgle.com complied with United States Law; (5) earned substantial money through United States advertisements; and (6) presentation of only United States law on Avgle.com for crucial aspects of the site, including copyright infringement and ensure no minor models.

There are significant contacts and connections between Defendants and the United States such that conflict with a foreign sovereignty is not a concern. This factor weighs in favor of jurisdiction.

**D.  United States' Interest in Adjudicating the Dispute.**

The fourth factor of which Defendant has the burden is whether the United States has any interest in adjudicating the dispute. Consistent with the other arguments, Defendants assert that Defendants' and Plaintiff's residence in other countries tips the scale of this factor against a finding of jurisdiction. However, again consistent with all other arguments, Defendants ignore key facts. Here, what is at issue are 50 United States registered copyrights which were displayed to and expressly aimed at United States viewers.

The United States most certainly has interest in redress of tortious activity which occurs within the United States in violation of United States laws, and even more so when a part has expressly sought protections of United States laws as Will Co. did here. Will Co., with intention of selling its product in the United States (and successfully doing so), filed for and obtained United States copyrights. The sole purpose of doing so is to enforce those copyrights when they are infringed in the United States.

An assertion that the United States does not have interest in addressing infringements within the United States of copyrights issued by the United States Copyright Office is simply misguided. This fact clearly weighs in favor of jurisdiction.

**E.  Most Efficient Judicial Resolution of the Controversy.**

The fifth factor concerns the efficiency of the forum. In evaluating this factor, the Ninth Circuit has historically looked primarily at where the witnesses and the evidence are likely to be

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 8
[NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    located.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993).

2          Here, it is true that most witnesses are located outside the United States.    However,

3    there is no consistency amongst their locations.  Plaintiff is in Japan, with a primary witness in

4    United States and Mexico, and Defendants are in Hong Kong, Taiwan, or the British Virgin

5    Islands.  Thus, regardless of where litigation occurs, most participants will need to deal with

6    litigating from outside the forum.  Further, the efficiency this District has developed in video

7    conferencing trials significantly (if not totally) reduces the lack of efficiency for out of forum

8    witnesses.

9          Defendants are plainly wrong that all evidence is located outside the United States.  For all

10   times material to this lawsuit, Defendants utilized Cloudflare for delivery of content on

11   Avgle.com, including Will Co.'s copyrighted works.  This United States entities will therefore

12   have key evidence regarding key aspects of this case, including but not limited to usage and

13   storage logs, processes, users, user information, and viewing activity of the infringed content.

14   Further, the use of the United States market, which is relevant to the damages in this case, is

15   inherently influenced by the amount of advertising done in the United States.  The main (sole) ad

16   broker is in North America (Canada) and utilizes servers located in the United States.    In

17   conjunction with the actual United States copyright registrations, virtually all documentary

18   evidence relevant to the claims herein is located in the United States.

19         Given the ease of videoconferencing witness testimony at trial, that the documentary

20   evidence Plaintiff will rely upon resides in the United States, and that it is United States copyrights

21   and copyright law at issue, the United States is in fact the most efficient forum to address this

22   controversy.

23   **F. Importance of the Forum to Plaintiff's Interest in Convenient and Effective Relief.**

24         The sixth factor considers the importance of the forum to Plaintiff interest in convenient

25   and effective relief.  Here, contrary to Defendants' assertion, the United States judicial forum is

26   crucial to getting convenient and effective relief.  (Defendant fails to consider there may have been

1  a reason to file this case in the United States).   United States copyrights have been infringed by

2  display in the United States from United States servers expressly aimed at the United States

3  market.  In addition to key evidence being located in the United States, it is complex United States

4  laws that are at issue regarding infringements of United States copyrights.

5       It is clearly more convenient and efficient to obtain evidence from Cloudflare with the use

6  of United States subpoenas issued from United States Courts.  Moreover, United States federal

7  judges are in a far better position to effectively apply United States Copyright law.

8       The United State forum is crucially important to Will Co.'s claims.  This factor weighs in

9  favor of jurisdiction.

10       **G.  Existence of an Alternative Forum.**

11       The seventh and final factor is the existence of another forum for Will Co. to bring this

12  action.  The question is not whether Will Co. would not prefer a forum but whether the claims

13  would be precluded in another forum.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490

14  (9th Cir. 1993)

15       Here, the only potentially viable forums would be Japan, Taiwan, and British Virgin

16  Islands  – the place where the respective parties are currently located.  The problem with each of

17  these forums is that the tort alleged in the lawsuit did not occur in those forums and courts in those

18  forums, though respecting other copyrights, cannot present redress for tortious conduct which

19  occurred in another county.  It cannot be lost that Will Co. alleges that the tort of copyright

20  infringement occurred here, in the United States.  There simply is no other jurisdiction which can

21  adjudicate these particular allegations.

22       Thus, the seventh factor also weighs in favor of jurisdiction.

23       **III.   <u>CONCLUSION</u>**

24       All seven factors pertaining to fair play and substantial justice under the due process analysis

25  weigh in favor of jurisdiction in the United States.  Defendants have failed in their burden to

26  establish otherwise.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 10
[NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1

2      DATED this 7th day of April 2023.

3                                               FREEMAN LAW FIRM, INC.

4                                               _____ s/ Spencer D. Freeman _____
5                                               Spencer D. Freeman, WSBA # 25069
                                                FREEMAN LAW FIRM, INC.
6                                               sfreeman@freemanlawfirm.org

7                                               Attorney for Plaintiff Will Co.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO COURT ORDER, DKT. NO. 84  - 11
[NO. 3:20-cv-05666 DGE]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)