

2211 North First Street
San Jose, CA 95131

October 1, 2020

VIA EMAIL (sfreeman@freemanlawfirm.org)

Spencer Freeman
Freeman Law Firm
1107 1/2 Tacoma Avenue South
Tacoma, WA 98402

Re: Will Co LTD v Does 1-20 et al; Case No. 320CV05666RSL; Our Reference PT-9726387

Dear Spencer Freeman:

Thank you for contacting PayPal, Inc. ("PayPal"). We are in receipt of your Subpoena with regard to Will Co LTD v Does 1-20 et al; 320CV05666RSL. If Kam Keung Fung has a United Kingdom PayPal account, it is not held in the US by PayPal, Inc., but would rather be held by PayPal (Europe) S.à.r.l. et CIE, S.C.A. A request for any such records would need to be directed to PayPal (Europe) S.à.r.l. et CIE, S.C.A. and served in accordance with the rules governing service on a foreign entity.

Should you have any further questions or need any additional information, please feel free to contact me directly by email at EEOmaLegalSpecialist@PayPal.com.

Sincerely,

Brandi Knutzen
Legal Specialist
PayPal, Inc.

# DECLARATION OF
# CUSTODIAN OF RECORDS
# OF PAYPAL, INC.

RE:  Will Co LTD v Does 1-20 et al; 320CV05666RSL

"I,  Brandi Knutzen certify and declare that:

(i.) I am over the age of 18 years and not a party to this action.

(ii.) My business address is 7700 Eastport Pkwy, La Vista, NE 68128.

(iii.) I am employed by PayPal, Inc., in the position of Executive Escalations Legal Specialist.

(iv.) I am duly authorized as custodian of PayPal, Inc. business records.

**No records were prepared by PayPal, Inc. personnel in the ordinary course of their duties as no information was found in our system for the requested information.**

I declare under the penalty of perjury under the laws of the State of Nebraska that the forgoing is true and correct.

September 29, 2020
**Date**

**Brandi Knutzen**
**Legal Specialist**
**PayPal, Inc.**



PayPal, Inc.
7700 Eastport Pkwy
La Vista, NE 68128

## **PAYPAL INC.'S GENERAL OBJECTIONS AND RESPONSES**

PayPal, Inc. ("PayPal") responds and objects to the Subpoena issued in connection with Will Co LTD v Does 1-20 et al; 320CV05666RSL as follows:

1. PayPal objects to the Subpoena to the extent it seeks documents that are not in PayPal's possession, custody, or control.

2. PayPal objects to the Subpoena as overly broad to the extent it seeks documents that are not relevant to the claims or defenses of any party in the Action.

3. PayPal objects to the Subpoena as the cost or burden of the requested discovery is disproportionate to the amount in controversy.

4. PayPal objects to the Subpoena as unduly burdensome to the extent it seeks documents that are in the possession, custody, and control of parties to the litigation or are publicly available. As between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former do not possess the material sought to be discovered.

5. PayPal objects to the Subpoena as unduly burdensome to the extent it seeks documents that are not reasonably accessible.

6. PayPal objects to the Subpoena on the grounds that the categories of documents referred to in the Subpoena are vague and ambiguous.

7. PayPal objects to the Subpoena to the extent that the issuing party has failed to show a compelling need for documents it seeks which are subject to state, federal, and foreign privacy laws and regulations.

8. PayPal objects to the Subpoena to the extent that it provides insufficient time for compliance.

9. PayPal objects to the Subpoena to the extent that it does not provide notice to the other parties to the action.

10. PayPal objects to the Subpoena as unduly burdensome to the extent it calls for the personal appearance of a PayPal witness. Introduction of PayPal's business records may be achieved with equal force, and for less time and expense, by a sworn and notarized custodial affidavit.

11. PayPal objects to the Subpoena to the extent that it seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege, immunity, or doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product immunity, or any other applicable privilege, protection, immunity, or doctrine.

12. PayPal objects to the Subpoena to the extent that it seeks documents containing PayPal's proprietary information, trade secrets, or other confidential commercial information.

13. PayPal objects to the Subpoena to the extent that it seeks consumer information protected by any state or federal law.

14. PayPal objects to the Subpoena to the extent it purports to impose obligations on PayPal other than those imposed by the rules of the jurisdiction in which the Action is pending.

15. Nothing contained in PayPal's Responses and Objections should be construed as an admission relative to the existence or non-existence of any document, and should not be considered an admission regarding the relevance or admissibility of any documents sought.

16. PayPal reserves the right at any time to revise, correct, add to, or clarify any of the Responses and Objections set forth herein.

17. PayPal also expressly reserves the right to object to further discovery into the subject matter of the requests and to the introduction into evidence of any information provided.

18. Our search in this matter does not include any accounts that may be held by PayPal (Europe) S.à.r.l. et CIE, S.C.A. If you suspect that any such accounts exist, you should send a request for any such records to PayPal (Europe) S.à.r.l. et CIE, S.C.A. and served in accordance with the rules governing service on a foreign entity.