UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILL CO LTD, a limited liability company organized under the laws of Japan,<br><br>                    Plaintiff,<br><br>        v.<br><br>KAM KEUNG FUNG et al,<br><br>                    Defendants. | CASE NO. 3:20-cv-05666-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 76) |

  This matter comes before the Court on the Report and Recommendation (Dkt. No. 76) of United States Magistrate Judge David W. Christel.  Having reviewed the Report and Recommendation, Plaintiff's objections to the Report and Recommendation (Dkt. No. 79), Defendants' response to Plaintiff's objections (Dkt. No. 82), the parties' supplemental briefing (Dkt. Nos. 85, 88), and having conducted a de novo review of the record, the Court ADOPTS

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 76) - 1

Judge Christel's Report and Recommendation and GRANTS Defendants' motion to dismiss (Dkt. No. 23).[1]

The Court responds to Plaintiff's objections as follows:

### I.   Purposeful Direction

Plaintiff argues that Judge Christel failed to properly apply *Will Co., Ltd. v. Lee*, 47 F.4th 917 (9th Cir. 2022) to the facts of the instant case. (Dkt. No. 79 at 2–5.)  The Court disagrees.

First, this case is distinct from *Lee* because the Defendants in the instant matter did not choose to host their website inside the United States.  The Ninth Circuit in *Lee* placed great weight on the defendants' decision to host their allegedly tortious website in Utah.  47 F.4th at 924.  This was a critical factor in determining whether the defendants intended to appeal to and profit from an audience in the United States.  *See id.* at 925 ("In this case, by choosing to host ThisAV.com **in Utah** and to purchase CDN services for North America, Defendants chose to have the site load faster for viewers in the United States and slower for viewers in other places around the world. Given how important loading speed is to achieving and maintaining an audience, Defendants' choice is good evidence that they were motivated to appeal to viewers in the United States more than any other geographical location.") (emphasis added).  While the Court must credit on a motion to dismiss Plaintiff's disputed affidavit from Jason Tucker that "the Cloudflare CDNs provide server [sic] only in Asia and North America" (Dkt. No. 29 at 8), this alone is not sufficient to establish Defendants "expressly aimed" their conduct at the United States, *see Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004).  Indeed, the Ninth Circuit noted it was a "closer question" as to whether the defendants in *Lee*

---

[1] In the interest of judicial economy, the Court adopts the procedural and factual background detailed in prior orders and reports. (*See* Dkt. Nos. 43 at 2–3; 76 at 1–4.)

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 76) - 2

intentionally appealed to U.S. consumers when they had chosen to host a website in Utah and purchased content delivery services in North America. *Id.* at 924–25.  The Court finds it cannot determine Defendants expressly aimed their website at U.S. consumers merely due to the fact that they chose to purchase CDN services for North America and Asia.

Second, though avgle.com's Terms of Service and Privacy Policy are written in English[2], there is no direct indication in either of these documents of a tailoring to U.S. consumers. Indeed, the governing law provision of avgle.com's Terms of Service, which Plaintiff puts forward as evidence that Defendants targeted U.S. consumers (*see* Dkt. No. 79 at 4), specifically states:

> "These Terms, your use of the Website, and the relationship between you and us shall be governed by the laws of Cyprus, without regard to conflict of rules.  You agree that: (i) **the Website shall be deemed solely based in Cyprus**; and (ii) the Website shall be deemed a passive Website that does not give rise to personal jurisdiction over us, either specific or general, in jurisdictions other than Cyprus.  **The sole and exclusive jurisdiction and venue for any action or proceeding arising out of or related to this Agreement shall be in an appropriate court located in Limassol, Cyprus.**  You hereby submit to the jurisdiction and venue of said Courts.  You consent to service of process in any legal proceeding.

(Dkt. No. 29 at 26) (emphasis added.)  There is not a single direct reference to the United States in this exhibit.  Nor is there a direct reference to the United States in avgle.com's Privacy Policy. (*Id.* at 30.)

In *Lee*, the Ninth Circuit held that language guaranteeing legal compliance with U.S. laws but not other countries' legal systems indicated the defendants' intent to aim their conduct at the United States. *See* 47 F.4th at 925 (noting that "[t]he 'Privacy Policy' page specifically

---

[2] The use of English itself is not indicative of an intent to target U.S. consumers.  English is the national language for numerous countries and it is commonly used as a lingua franca for commercial transactions on the Internet.  *See Plixer Int'l, Inc. v. Scrutinizer GmbH*, 293 F. Supp. 3d 232, 240 (D. Me. 2017), *aff'd*, 905 F.3d 1 (1st Cir. 2018).

guarantees that it is lawful for persons in the United States to access ThisAV.com, but provides no such guarantee for persons in other nations."). This is not the case here. While Plaintiff has pointed to webpages on avgle.com touching on the Digital Millennium Copyright Act ("DMCA") (Dkt. No. 29 at 34) and 18 U.S.C. § 2257 (Dkt. No. 29 at 38), "[a]nnouncing the legal standards and duties governing any such use reflects the expected reality but does not, in the context presented here, reveal a focus on the forum." (Dkt. No. 43 at 11.)

Besides these boilerplate compliance pages, nothing on avgle.com itself indicates an intent to appeal directly to U.S. consumers. Nor is generic language on a third party advertiser's website sufficient to establish that Defendants expressly aimed their offending site at U.S. consumers. In short, there is no indication the Defendants targeted their website to U.S. consumers. The instant matter is sufficiently distinguishable from *Lee* and the Court agrees with Judge Christel's analysis that "Plaintiff has still not shown the United States was 'the focal point' of Avgle.com or of Defendants' conduct in creating and maintaining the site." (Dkt. No. 76 at 11.)

## II.   Fair Play and Substantial Justice

Additionally, the Court separately finds the exercise of jurisdiction over this case does not comport with fair play and substantial justice. Courts assess seven factors to determine whether exercising personal jurisdiction over nonresident defendants comports with fair play and substantial justice:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. None of the factors is dispositive in itself; instead, we must balance all seven.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487–88 (9th Cir. 1993) (internal citations omitted).

Defendants' purposeful interjection in the forum is limited. Neither Defendant was located in or was physically present in the United States. (*See* Dkt. Nos. 23-2, 23-3.) Defendants also did not choose to specifically target the United States by purchasing CDN services for North America and Asia. As Defendants attest, to the best of their knowledge Cloudflare does permit users to make adjustments to the CDN on a country specific basis. (*See* Dkt. Nos. 35-9 at 2; 35-10 at 2.) That certain of Defendants' webpages are in English also does not indicate that Defendants' purposefully interjected themselves into the United States. Plaintiff asserts Tiger Media earned $300,000 from viewers during the relevant time period, $100,000 of which was purportedly "paid through United States based PayPal." (*See* Dkt. Nos. 29 at 1; 85 at 5.) However, Plaintiff's expert provides no materials to support this assertion and, even if Plaintiff received payments through PayPal, Plaintiff puts forward no evidence showing that these payments were processed by PayPal in the United States. Additionally, the fact that avgle.com receives 26 million visitors per year from the United States alone does not indicate purposeful interjection. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1211 (9th Cir. 2020). In short, Plaintiff asserts Defendants maintained a series of tenuous connections to the United States. The Court thus finds any interjection into the United States to be minimal and this factor weighs in favor of Defendants.

The second factor, the burden on the Defendants of defending in the forum, also weighs in favor dismissal. Defendants are a British Virgin Islands corporation and a Hong Kong resident. (*See* Dkt. Nos. 23-2, 23-3.) They have no ongoing ties to the United States and it

would clearly be burdensome for them to defend their case in this district. *See Core-Vent Corp.*, 11 F.3d at 1488–89 (9th Cir. 1993).³

The third factor, the extent of conflict with other sovereigns, also weighs in favor of Defendants. "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 115 (1987) (quoting *United States v. First National City Bank*, 379 U.S. 378, 404 (1965) (Harlan, J., dissenting). While Plaintiff correctly notes concerns over sovereignty are lessened when a defendant has substantial ties to the United States (*see* Dkt. No. 85 at 7), here, as discussed, any ties Defendants have to the United States are attenuated.

The fourth factor, the United States' interest in adjudicating the parties' dispute, weighs in favor of Plaintiff. The United States clearly has a strong interest in enforcing its copyright laws in matters like this one. *See Riot Games, Inc. v. Suga PTE*, Ltd., No. 2:22-CV-00429-SPG-KS, 2022 WL 17253916, at *8 (C.D. Cal. Nov. 3, 2022) ("The United States has a particularly 'significant interest in resolving disputes of United States copyright law involving infringement by foreign defendants.'")

The fifth factor "focuses on the location of the evidence and witnesses," but "is no longer weighed heavily given the modern advances in communication and transportation." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). Nonetheless, this factor weighs in

---

³ While the Court appreciates Plaintiff's recognition of the District's adoption of remote procedures during the COVID-19 emergency, the national emergency declaration has been terminated. *See* National Emergencies Act, PL 118-3, April 10, 2023, 137 Stat 6. At this time, it is unclear the extent to which this Court will allow for remote proceedings going forward. Such decision will depend on the type of proceeding at issue and the specific circumstances presented.

favor of the Defendants as most of the evidence and witnesses are located outside of the United States.

The sixth factor assesses the importance of the forum to Plaintiff's ability to obtain convenient and effective relief. "In evaluating the convenience and effectiveness of relief for the plaintiff, we have given little weight to the plaintiff's inconvenience." *Panavision Int'l*, 141 F.3d at 1324. Though the Ninth Circuit gives this factor little weight, the Court agrees with Plaintiff that the United States is likely to be a convenient forum for them to litigate potential violations of U.S. copyrights. However, the Court also agrees with Defendants that Plaintiff has offered no real reasons why the United States is a better forum than Japan, which is also a signatory to the World Intellectual Property Organization Copyright Treaty ("WIPO Treaty"). *See Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, No. CV 22-0299-MWF (JCX), 2022 WL 18213536, at *4–5 (C.D. Cal. Dec. 6, 2022) (discussing history of the DMCA and the WIPO treaty). The Court finds this factor weighs slightly in favor of Plaintiff.

Finally, the Court assesses whether there is an alternate forum where Plaintiff may bring their claims. "The plaintiff bears the burden of proving the unavailability of an alternative forum." *Core-Vent Corp*, 11 F.3d at 1490. Here, Plaintiff states that the other potential alternative forums in this case, Japan, Taiwan, and the British Virgin Islands, "cannot present redress for tortious conduct which occurred in another county." (Dkt. No. 85 at 10.) However, Plaintiff fails to cite to or provide any materials supporting this assertion. Absent such evidence, the Court cannot credit Plaintiff's bare assertions that other forums would be inadequate. *See Instasol, LLC v. EM Digital Ltd.*, No. CV C18-0391-JCC, 2018 WL 3831292, at *4 (W.D. Wash. Aug. 13, 2018). The Court therefore finds this factor weighs in favor of Defendants.

After weighing the above factors, the Court finds the exercise of personal jurisdiction over Defendants would not comport with fair play and substantial justice and the Court separately GRANTS Defendants' motion to dismiss on this basis.

Accordingly, having reviewed the Report and Recommendation (Dkt. No. 76) of Magistrate Judge David W. Christel, Plaintiff's objections to the Report and Recommendation (Dkt. No. 79), and the remaining record, the Court does hereby find and ORDER:

1. The Court ADOPTS the Report and Recommendation.

2.  The Court separately finds the exercise of personal jurisdiction over Defendants would not comply with notions of fair play and substantial justice.

3. Defendants' Motion to Dismiss (Dkt. No. 23) is GRANTED as the Court lacks personal jurisdiction over Defendants.  The Doe Defendants are also dismissed.  This case is closed.

4. The Clerk is directed to send copies of this Order to counsel for the parties and to the Hon. David W. Christel.

Dated this 17th day of May, 2023.



David G. Estudillo
United States District Judge